[No. 15030.   In Bank.—May 26, 1894.]

ALFRED CLARKE, APPELLANT, v. C. A. MEAD, RE-
SPONDENT.

QUIETING TITLE—ASSESSMENT FOR WIDENING STREET—SALE FOR DELIN-
QUENT ASSESSMENT—EVIDENCE—CERTIFICATE OF SALE.—In an action
to quiet title, where the defendant claims title under a sale and convey-
ance by the superintendent of streets, for a delinquent assessment for
the widening of a street, the certificate of sale is relevant and competent
evidence of the official act of the officer in making the sale, and is ad-
missible to show that it conforms to the requirements of the Political
Code, and contains the matters required by the code to be recited in
the deed.

ID.—NOTICE OF APPLICATION FOR DEED—VARIANCE IN DATE.—The statute
does not require that notice of application for a deed, under a sale for a
delinquent assessment, should be dated; and where it appears that the
notice contained the matters required by the Political Code in order to
authorize the execution of the deed, and was given more than thirty
days before the execution of the deed, the fact that the notice bore a
different date does not impair its effect.

ID.—DEED FROM SUPERINTENDENT OF STREETS—PRIMA FACIE EVIDENCE
OF PRELIMINARY STEPS—POWER OF LEGISLATURE.—The legislature has
power to make a deed prima facie evidence of preliminary steps requisite
to its validity; and in the absence of proof of any of the acts of which a
deed from the superintendent of streets, upon sale of property for a
delinquent assessment for the widening of a street, is made primary evi-
dence by the statute, the deed itself is sufficient evidence to authorize
the court to find that all the preliminary steps have been regularly
taken, and that the title of the land sold has been thereby transferred
to the grantee.

ID.—RULES OF EVIDENCE—POLITICAL CODE—CODE OF CIVIL PROCEDURE.—
The rule of evidence prescribed in the Political Code declaring the effect
of the deed of the officer, and making it prima facie, or presumptive,
evidence of other facts is not in conflict with the provisions of the Code
of Civil Procedure relating to evidence, and it is not a ground of objec-
tion to the effect of such deed as prima facie evidence, that the provision
making it such is not found in the Code of Civil Procedure.

ID.—CONSTRUCTION OF CODES.—The provisions of the four codes are to be
construed as though they were all parts of the same statute; and it is
only when there is a conflict between the provisions that it is necessary
to determine which shall prevail.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order
denying a new trial.

The facts are stated in the opinion of the court.

*Alfred Clarke, in propria persona* for Appellant.

*George E. Bates,* for Respondent.

HARRISON, J.—Action to quiet title. The plaintiff was the owner of a certain tract of land in San Francisco, situate in the district which was assessed for the widening of Mission street, continued from Twenty-sixth street to the county line. The assessment being delinquent, the superintendent of streets sold the lot to the defendant, November 29, 1889, and no redemption having been made, that officer, on the 29th of December, 1890, executed a conveyance of the land to the defendant. At the trial the plaintiff gave evidence tending to show title in himself at the date of the sale, and the defendant offered in evidence the certificate of sale, testimony tending to show that the notice of the application for a deed required by section 3785 of the Political Code had been given, and the deed to himself from the superintendent of streets. The court rendered judgment for the defendant, and the plaintiff moved for a new trial, which was denied, and from this order and the judgment he has appealed. The errors relied upon by the appellant are the rulings of the court in admitting evidence offered on behalf of the respondent.

Section 16 of the statute under which the proceedings were had (Stats. 1889, p. 74), provides: "All provisions of the law in reference to the sale and redemption of property for delinquent state and county taxes in force at any given time shall also then, so far as the same are not in conflict with the provisions of this act, be applicable to the sale and redemption of property for delinquent assessments hereunder, including the issuance of certificates and execution of deeds. The deed of the street superintendent made after such sale, in case of failure to redeem, shall be *prima facie* evidence of the regularity of all proceedings hereunder, and of title in the grantee."

1. The court did not err in admitting in evidence the

certificate of sale. The objection by the appellant that the certificate is insufficient to prove any of the previous steps in the proceedings is ineffectual, as the statute does not give, nor does the respondent claim, such effect from its introduction. It was relevant and competent evidence of the official act of the officer in making the sale, and was admissible for the purpose of showing that it conformed to the requirements of section 3776 of the Political Code, and contained the matters which by section 3786 of that code were to be recited in the deed.

2. A witness on behalf of the defendant testified that on the 26th of November, 1890, the land was vacant and unoccupied, and that, on that day, on behalf of the defendant, he posted in a conspicuous place upon the property a notice by the defendant that on the 27th of December he would apply for a deed of the property, and that on the next day he filed with the superintendent of streets an affidavit of such posting, together with a copy of the notice posted. This affidavit and the copy of the notice were also introduced in evidence. The notice contained the matters required by section 3785 of the Political Code to be given in order to authorize the execution of a deed.

It is contended by the appellant that this evidence was insufficient to show that the proper notice was given, for the reason that upon the cross-examination of this witness he testified that he thought that a notice which was then shown to him, and which purported to bear the date December 25th, was the one he left posted upon the property. This notice is not, however, set forth in the record, and we cannot determine whether it is sufficient or not. The objection, however, that its date differs from the date of the one which the witness had testified was a copy of the one he posted would not impair the effect of the notice, as the statute does not require the notice to be dated, and it is not controverted that the notice which was posted contained all the matters required by section 3785, or that it was posted upon the property more than thirty days before the day stated

therein, on which the purchaser herein applied for a deed.

3. The appellant objected to the introduction of the deed from the superintendent of streets upon the ground that no foundation had been laid for introducing said deed by showing the validity or regularity of the proceedings preceding the deed. The deed itself is not contained in the record, but it is stated that it "is dated December 27, 1890, and is in due form of law, and covers the property in controversy, and contains all the matters recited in the certificate of sale." The ground urged in support of the objection is that it was incumbent upon the respondent to make proof of all the facts essential to the exercise by the officer of the power of sale conferred by the statute, and that the provisions of the statute making the deed *prima facie* evidence of certain facts essential to its validity is inoperative, for the reason that the character and effect of evidence is declared in the Code of Civil Procedure, and that any declaration upon those subjects in any other statute cannot be considered.

The power of the legislature to make the deed *prima facie* evidence of certain preliminary steps in the proceeding is too well established to need discussion. (*Rollins* v. *Wright*, 93 Cal. 395; *McDonald* v. *Conniff*, 99 Cal. 386; *Marx* v. *Hanthorn*, 148 U. S. 172.) The appellant was not precluded from showing the absence of any of the acts of which the deed is made primary evidence, but as he made no effort to show that any of the preliminary steps in the proceedings had not been taken, the deed itself was sufficient evidence to authorize the court to find that they had all been regularly taken, and that the title of the appellant had been thereby transferred to the respondent. It was not held by the trial court that the deed was conclusive evidence of the notice required by section 3785, but the respondent made proof that such notice was given by the testimony of the person who posted the notice. The proposition, that the provision making the deed *prima facie* evidence of cer-

tain preliminary facts, cannot be considered, for the reason that it is not found in the Code of Civil Procedure, is untenable. The provisions of the four codes are to be construed as though they were all parts of the same statute (Pol. Code, sec. 4480), and it is only when there is a conflict between different provisions that it is necessary to determine which shall prevail. There is, however, no conflict between the provisions of the Code of Civil Procedure relating to evidence and the provision in the Political Code declaring the effect of the deed of the officer, or making it *prima facie*, or presumptive, evidence of some other fact. (See *McDonald* v. *Conniff*, 99 Cal. 386.)

The judgment and order are affirmed.

GAROUTTE, J., McFARLAND, J., and FITZGERALD, J., concurred.