[Sac. No. 974.   Department Two.—December 23, 1903.]

## COUNTY OF BUTTE, Respondent, v. D. P. MERRILL et al., Appellants.

TAX-COLLECTOR—COMMISSION ON LICENSE-TAXES—POWER OF SUPERVIS-ORS—ACTION ON BOND.—The board of supervisors of a county have no power either to create a license-tax collector or to fix his compensation; and an ordinance conferring the right upon the tax-collector to retain a commission for the collection of license-taxes is void, and constitutes no defense to an action by the county on his official bond to recover the amount of license-taxes retained as such commission, where the law made it the duty of the tax-collector to collect all licenses when he took the office of tax-collector.

ID.—POWER OF LEGISLATURE—RETROACTIVE LAW—INCREASE OF COMPEN-SATION.—The legislature cannot pass a retroactive law to give the collector increased compensation over that fixed by law when his term commenced, nor can any increase in the rate of compensation made after the commencement of his term be held applicable during his term.

ID.—THEORY OF TRIAL — ANSWER — STIPULATED FACT — WAIVER OF AMENDED COMPLAINT—SUPPORT OF JUDGMENT.—Where the original complaint included license-taxes between January, 1895, and January, 1898, but it was averred in the answer that the tax-collector had collected the taxes in contest between January, 1895, and January, 1899, and the trial proceeded upon that theory, and the parties made a written statement of facts as to the amount of license-taxes received between the dates alleged in the answer, an amendment of the complaint as to the time within which the money was collected was waived, and a judgment for the amount stipulated is sufficiently supported.

ID.—ACTION ORDERED BY GRAND JURY—PENAL CODE—VALIDITY OF STAT-UTE—BLENDING OF CODES.—The grand jury had power, under section 929 of the Penal Code, to order the action commenced by the county to recover the license-taxes collected and not paid over. That section is embraced in the title of the act establishing it, and is not void as not being criminal in its nature, and improperly placed in the Penal Code. A statutory provision otherwise valid is not void because found in any particular code. The codes blend into each other, and no one of them is limited to a particular subject.

APPEAL from a judgment of the Superior Court of Butte County.   John F. Ellison, Judge presiding.

The facts are stated in the opinion of the court.

Caldwell & Borland, and John Gale, for Appellants.

J. D. Sproul, for Respondent.

McFARLAND, J.—The defendant Merrill was county tax-collector of Butte County from January, 1895, to January, 1899; and this is an action against him and his bondsmen to recover the sum of $3,245.05, collected by him as such tax-collector during his said term of office and converted to his own use. Judgment went in the court below in favor of plaintiff for the said amount of money, and defendants appeal from the judgment.

The money sued for is part of the whole amount of license-taxes collected by appellant Merrill, and consists of money which he contends he had the right to retain as commissions allowed him by law for the collection of license-taxes. Whether or not he has that right is the question here involved.

Appellant contends that he is entitled to retain the money here in question by virtue of an ordinance of the board of supervisors of Butte County, passed February 10, 1893, and another ordinance passed March 3, 1894,—both passed before Merrill was elected to or commenced his said term of office,— which ordinances provided that for the collection of taxes for business licenses, other than for the sale of liquor, the collector should receive as compensation ten per cent of the amount collected, and should receive five per cent for the collection of taxes for liquor licenses. If said provisions in said ordinances were valid, then respondent was not entitled to recover in this action. But the lower court correctly held that when Merrill took the office of tax-collector the law made it his duty to collect all licenses (*Ventura County* v. *Clay,* 112 Cal. 63.) It further correctly held that the board of supervisors had not the power either to create the office of license-tax collector or to fix his compensation. (*County of El Dorado* v. *Meiss,* 100 Cal. 273.) It was decided in *Dougherty* v. *Austin,* 94 Cal. 601, that a board of supervisors has nothing to do with fixing the compensation of a county officer. Appellants also rely upon the act of the legislature, approved March 27, 1895, (Stats. 1895, p. 267,) which in

terms approves and legalizes the commissions theretofore allowed by boards of supervisors for the collection of license-taxes; but the court below correctly held that this was merely an unauthorized attempt, retroactively, to give the collector increased compensation over that fixed by law when his term commenced. Appellants also rely in their briefs, though not in their pleadings, upon section 215 of the County Government Act of 1897 (Stats. 1897, p. 572), which allows a commission of five per cent for the collection of license-taxes; but as that act was passed after the commencement of Merrill's term of office, the court below correctly decided that it could not be held applicable during his term, without violating the constitutional provision against an increase in compensation during the term of an incumbent.

It is contended that the judgment cannot stand, because it is for taxes collected between January, 1895, and January, 1899, while the complaint only includes the period between January, 1895, and January, 1898. But it was averred in the answer that Merrill was collector, and had collected the taxes in contest, "until the second day of January, 1899," and in other parts of the answer the period between January, 1895, and January, 1899, is referred to as the period during which the matters in litigation arose; and the parties entered into a written "statement of facts," in which it is stated that Merrill as tax-collector, "between the seventh day of January, 1895, and the first day of January, 1899, received the sum of $3,245.05." It sufficiently appears, therefore, that the case was tried on the theory that it involved Merrill's whole term, and that an amendment to the complaint as to the time within which the money was collected was waived.

It is averred in the complaint that the action was commenced in compliance with an order of the grand jury made under section 929 of the Penal Code, which gives the grand jury the power to order the institution of such an action. Section 929 was passed in 1897, and appellants contend that it is unconstitutional and void, because its subject was not embraced in the title of the act under which it was enacted. It is not necessary to determine whether the action could have been maintained without any reference in the

complaint to the action of the grand jury, for the title of the act was sufficient. It is as follows: "An act to amend sections 925 and 928 of the Penal Code of the State of California, to add a new section to said code, to be known as section 929, relating to grand juries, their duties and powers." (Stats. 1897, p. 204.) The main objection appears to be, that the section is not criminal in its nature, and therefore could not be constitutionally put into the Penal Code; but it has been frequently held that a statutory provision otherwise valid is not void because found in any particular code; that the codes blend into each other, and that no one of them is limited to a particular subject.

There are no other points calling for special notice.

The judgment appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.