[Crim. No. 471.  Third Appellate District.—July 28, 1919.]

## THE PEOPLE, Respondent, v. CHARLES CAMP, Appellant.

[1] STATUTES—IMPEACHMENT OF VALIDITY.—The validity of a statute, which had been duly certified, enrolled, and approved, and deposited in the office of the Secretary of State, cannot be impeached by a resort to the journals of the legislature, or by extrinsic evidence of any character.

[2] ID.—VALIDITY OF SECTION 288, PENAL CODE—FAILURE TO READ AT LENGTH AFTER AMENDMENT.—Section 288 of the Penal Code which provides that "any person who shall willfully and lewdly commit any lewd or lascivious act other than the acts constituting other crimes provided for in part two of this code upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the state prison not less than one year," is not subject to attack on the ground that the same, after being amended in the Senate, was not read at length in the assembly.

[3] ID.—CONSTITUTIONAL LAW—SUFFICIENCY OF TITLE.—The title to section 288 of the Penal Code, as it was enacted by the legislature of 1901, reading "An act to amend the Penal Code by adding a new section thereto, to be numbered section two hundred and eighty-two, relating to crime against children," sufficiently expresses the subject of the act as required by section 24 of article IV of the constitution.

[4] ID.—TITLE AND ACT NOT CONFLICTING.—The title of said act, declaring in general terms that the subject of the act involves crimes against children, is not inconsistent with the act itself, which specifically sets forth the acts constituting the crimes to which the title refers; nor is such title misleading or calculated to deceive or convey an erroneous impression as to the subject of the legislation involved in the act.

[5] ID.—SPECIAL LEGISLATION—ACT NOT UNCONSTITUTIONAL.—Section 288 of the Penal Code does not involve special legislation within

1. Admissibility of extrinsic evidence to impeach statutes, notes, 13 Am. Rep. 648; 51 Am. Rep. 616; 9 Ann. Cas. 582; 20 Ann. Cas. 350; Ann. Cas. 1918D, 253; 40 L. R. A. (N. S.) 30.

3. When title of statute is sufficient, note, 64 Am. St. Rep. 70.

Construction of constitutional provisions relative to titles of statutes, notes, 1 Ann. Cas. 584; Ann. Cas. 1915A, 79.

the meaning or contemplation of subdivision 2 of section 25, article IV, of the state constitution, since it applies to all children under fourteen years of age.

[6] ID.—EQUAL PROTECTION OF LAW—UNUSUAL PUNISHMENT—LEGISLATIVE AUTHORITY TO PRESCRIBE PUNISHMENT.—Section 288 of the Penal Code is not subject to the objection that it denies to persons prosecuted under its provisions the equal protection of the law contrary to the mandates of the first section of the fourteenth amendment of the federal constitution, upon the theory that, while said section makes the acts therein denounced as criminal a felony, other sections of the Penal Code relating to crimes against children make the acts specified therein misdemeanors only; nor does said section authorize the infliction of unusual punishment within the inhibition in that respect of section 6 of article I of the state constitution. The legislature has authority to fix different penalties to suit different crimes, the penalty in each case being measured or fixed according to the nature of the particular crime and its effect upon society.

[7] ID.—REFERENCE TO "PART TWO" OF CODE—MEANING NOT UNCERTAIN.—There is not imparted to section 288 of the Penal Code uncertainty or ambiguity or unintelligibleness as to its meaning or intent by reason of the fact that "part two" instead of "part one" of the Penal Code is therein erroneously referred to as defining crimes involving in their composition, among other elements, that of lewd or lascivious conduct, which specific conduct is by said section excepted from the operation thereof.

[8] ID.—INTERPRETATION OF STATUTES.—If, by giving to a word or a phrase in a statute its literal meaning, absurd consequences would be the inevitable result, then the literal meaning thereof must be disregarded and such a meaning ascribed thereto, consistent with the general context and the evident object of the act, as will render the act not only consistent in all its parts, but reasonable in its effect, and, therefore, effectual for the purposes for which it was intended.

[9] ID.—OMISSION IN VERDICT AND JUDGMENT—REFERENCE TO INDICTMENT—JURISDICTION TO SENTENCE DEFENDANT.—The fact that the verdict and judgment in a prosecution for a violation of section 288 of the Penal Code fails to state or declare that the crime of which the defendant is convicted was committed upon and with the *body* of the child does not deprive the court of jurisdiction to sentence the defendant to the state prison, where the indictment sufficiently states the offense defined by the statute.

[10] ID.—INDICTMENT NOT INCLUDED IN RECORD ON APPEAL—PRESUMPTION AS TO SUFFICIENCY.—Where the verdict recites that the de-

---

7. Effect of mistake in reference in statute to another statute, note, 5 A. L. R. 996.

fendant is guilty "of the crime of lewd and lascivious conduct with a male child under the age of fourteen years, a felony, *as charged in the indictment,*" and the judgment is in similar phraseology, but the indictment is not included in the record on appeal, the appellate tribunal will presume that the indictment sufficiently stated the offense defined by section 288 of the Penal Code by following substantially and in all essential particulars the language thereof.

[11] ID. — SECTION 288, PENAL CODE — JUVENILE COURT LAW. — Section 288 of the Penal Code has not been repealed by section 28 of the juvenile court law of 1913.

[12] ID. — VIOLATION OF SECTION 288, PENAL CODE — MAXIMUM AND MINIMUM PUNISHMENT.—Section 288 of the Penal Code, fixing the penalty for the offense therein defined as imprisonment "in the state prison not less than one year," and section 671 of said code, providing that "whenever any person is declared punishable for a crime by imprisonment in the state prison for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, the court authorized to pronounce judgment upon such conviction may, in its discretion, sentence such offender to imprisonment during his natural life, or for any number of years not less than that prescribed," must be read together to ascertain the maximum and the minimum penalties in cases arising under the first-named section.

APPEAL from an order of the Superior Court of Sacramento County denying a motion to vacate and set aside a conviction and judgment on the ground of want of jurisdiction. Malcolm C. Glenn, Judge. Affirmed.

The facts are stated in the opinion of the court.

George D. Collins, Jr., for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—On the 16th of October, 1914, defendant, having been convicted by a jury of the crime of "lewd and lascivious conduct with and upon the body of a male child under the age of fourteen years," was sentenced by the superior court of the county of Sacramento to imprisonment in the state prison for the term of fifteen years.

12. Indeterminate sentence as cruel and unusual punishment, note, L. R. A. 1915C, 560.

On the twenty-first day of January, 1919, defendant made a motion "that an order be made and entered herein vacating and setting aside the conviction and judgment for want of jurisdiction in said court." An order to show cause was issued and, after a hearing, the motion was by the court denied and the defendant remanded to the custody of the warden of the state prison. The appeal is by the defendant from the order denying said motion.

It is stated in the grounds of appeal that said order is "contrary to law and that said conviction and judgment are void on the face of the record, for want of jurisdiction in said superior court over the subject matter of the action and that said judgment in said action is also void because in excess of the authority of said superior court to the extent that the sentence therein specified exceeds the term of five years."

Defendant was tried and convicted under the provisions of section 288 of the Penal Code, which reads as follows: "Any person who shall willfully and lewdly commit any lewd or lascivious act other than the acts constituting other crimes provided for in part two of this code upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the state prison not less than one year."

Appellant urges the following points as grounds for reversal of said order: That said section 288 is void for the following reasons: (1) That the same, after being amended in the senate, was not read at length in the assembly; (2) That it is in violation of section 24 of article IV of the constitution, in that the subject of the act is not expressed in the title, but on the contrary the act itself explicitly negatives and contradicts the subject expressed in the title; (3) That it is in violation of subdivisions 2 and 33 of section 25, article IV, of the constitution; (4) That it operates to deny to the defendant the equal protection of the laws guaranteed him by the fourteenth amendment of the constitution of the United States; (5) That it operates to deprive defendant of his liberty without due process of law, in violation of the fourteenth

amendment; (6) That the act is incurably uncertain, vague and unintelligible in that it cannot be ascertained what lewd and lascivious acts are prohibited, as the statute refers to part *two* of the Penal Code, which relates solely to criminal procedure; and that the courts are denied the power to strike out from said section "part two" and substitute "part one"; that so to amend the section is to deprive defendant of his liberty without due process of law, in violation of said fourteenth amendment; (7) That said section and said judgment are in violation of article I, section 6, of the constitution, in that they inflict unusual punishment; (8) That the conduct of which defendant has been convicted is made a misdemeanor by. sections 273 and 273g of the Penal Code and is, therefore, expressly excluded from section 288; (9) That section 288 has been repealed by section 28 of the juvenile court law of 1913; (10) That by section 18 of the Penal Code the maximum penalty for a violation of section 288 is five years, which the defendant has served.

Most, if indeed, not all, of the objections to section 288 of the Penal Code urged here on constitutional grounds have been decided adversely to the position of the appellant by the courts. The objections will, nevertheless, be given some notice.

[1] 1. It has been so often held in this state that it is no longer an open question that the validity of a statute, which had been duly certified, enrolled and approved, and deposited in the office of the Secretary of State, cannot be impeached by a resort to the journals of the legislature, or by extrinsic evidence of any character. (*Sherman* v. *Story*, 30 Cal. 253, [89 Am. Dec. 93]; *County of Yolo* v. *Colgan*, 132 Cal. 265, [84 Am. St. Rep. 41, 64 Pac. 403]; *Kingsbury* v. *Nye*, 9 Cal. App. 574, 577, [99 Pac. 985]. See, also, *De Loach et al.* v. *Newton*, 134 Ga. 739, [68 S. E. 708]; *State of Washington* v. *Jones*, 6 Wash. 452, [23 L. R. A. 340, 34 Pac. 201]; *Field* v. *Clark*, 143 U. S. 672, [36 L. Ed. 294, 12 Sup. Ct. Rep. 495, see also Rose's U. S. Notes].)

[2] This point requires no further consideration herein than such as is involved in the citation of these cases.

[3] 2. The title to section 288 of the Penal Code, as it was enacted by the legislature of 1901 (Stats. 1901, p. 630),

reads as follows: "An act to amend the Penal Code by adding a new section thereto, to be numbered section two hundred and eighty-two, relating to crimes against children." Thus it will be observed that the title of the act states generally that the crimes which the section is designed to punish are those perpetrated upon or against children. It was not necessary, to make the act conform to the requirements of the constitution in that respect, to embrace in its title a specification of the nature of the crimes to which the section relates; and the courts of this state have held that such a title as was contained in the act in question, being an amendment of one of the codes, sufficiently expresses the subject of the act as required by section 24 of article IV of the constitution. (See *People* v. *Dobbins,* 73 Cal. 257, [14 Pac. 860]; *Ex parte Liddell,* 93 Cal. 633, [29 Pac. 251]; *People* v. *Lovren,* 119 Cal. 88, [51 Pac. 22, 638]; *Jackson* v. *Baehr,* 138 Cal. 266, [71 Pac. 167]; *County of Butte* v. *Merrill,* 141 Cal. 396, 398, [74 Pac. 1036]; *People* v. *Oates,* 142 Cal. 12, [75 Pac. 337]; *People* v. *Merritt,* 18 Cal. App. 58, [122 Pac. 839, 844].) **[4]** Nor can we perceive any merit in the contention that the act itself contradicts or is in any wise inconsistent with its title. The title, as we have seen, declares that the subject of the act involves certain crimes against children, and the act itself specifically sets forth the acts constituting the crimes to which the title refers. In other words, the title declares in general terms the nature of the legislation of which it is a sort of preamble and that it has relation to certain crimes against children, and the act itself describes or defines the particular kind of act constituting the crime thus intended to be included among those provided for in other sections of the Penal Code against the same class of persons and which define as such crimes acts of a different nature from that constituting the basis of the legislation involved in section 288. It is, therefore, very clear that, when compared to the act itself, no inconsistency between them can be discerned, nor can it be said, when so compared, that the title is misleading or calculated to deceive or convey an erroneous impression as to the subject of the legislation involved in the act.

**[5]** 3. Section 288 does not involve special legislation within the meaning or contemplation of subdivision 2 of

section 25, article IV, of the state constitution. The act applies to all children under fourteen years of age or to all of a class. It has been held time and again that an act of the legislature which applies uniformly· upon the whole or any single class of individuals or objects, when the classification is founded upon some natural, intrinsic or constitutional distinction, is a general law. (See cases cited in Treadwell's Constitution, p. 255.) That children or minors constitute a class founded upon a natural or intrinsic distinction and as to whom legislation peculiarly applicable to individuals of their immature years is necessary for their proper protection, are propositions which cannot well be controverted. As to some matters in connection with the welfare of minors, particularly those not beyond or far beyond their infancy, a general law, in the more comprehensive sense of that phrase, could not be made. Section 288 is particularly directed to the prevention and punishment of lewd and lascivious conduct with and upon the bodies of children under fourteen years of age, because, as a rule, it may properly be assumed they are not sufficiently matured mentally to appreciate as fully as older persons the consequences to them, both morally and physically, of such acts of degeneracy, and they, therefore, generally have neither the judgment nor the physical power, which in such cases is often minimized where there is no developed mental power, to protect themselves against the perpetration upon them of such outrages which it is the object of this law to prevent, if it can be done, or to punish where such acts have been done. Such crimes as the one denounced by section 288 are (we think experience shows to be true) ordinarily committed by persons of mature years or who at any rate are old enough to know that the inevitable tendency of conduct so abnormal and utterly diabolical is to corrupt the morals of children and to make them what the perpetrator of such a crime himself is. It was, therefore, quite natural that the people should by their constitution authorize the enactment of laws for the special protection of a class of persons not of sufficient mental and physical development by reason of their youth to protect themselves against those human parasites who make a practice of satiating in a measure their abnormal sexual appetites by that sort of conduct with such minors.

42 Cal. App.—27

[6] The contention that section 288 denies to persons prosecuted under its provisions the equal protection of the law contrary to the mandates of the first section of the fourteenth amendment of the federal constitution is founded upon the theory that, while said section makes the act therein denounced as criminal a felony, other sections of the Penal Code relating to crimes against children make the acts specified therein misdemeanors only. In support of this argument, counsel refers to sections 272, 273, 273g, and 650½ of said code. None of these sections, however, relates to lewd and lascivious acts *"upon or with the body, or any member thereof, of a child under the age of fourteen years."* But section 273g does relate to such practices in the presence of any child. It provides: "Any person who in the presence of any child indulges in any degrading, lewd, immoral or vicious habits or practices, or who is habitually drunk in the presence of any child in his care, custody or control, is guilty of a misdemeanor." That section was undoubtedly intended to include those cases only where the lewd or immoral conduct is carried on in the presence of children and where the same is not practiced upon or with the body of the child. Furthermore, said section includes all children without regard to their age, while section 288 is confined in its operation to children under the age of fourteen years. Section 650½ makes it a misdemeanor for any person to do certain acts or things in derogation of the rights of property or of the person of an individual, and, among other things, provides that the rights of person are violated and punishable as above indicated when the name of a person is used by another for the accomplishment of lewd or licentious purposes, etc. This section obviously has no bearing upon nor is the subject matter or the object thereof analogous to the crime defined by section 288. The other sections (272 and 273), while prohibiting and penalizing the abuse or misuse of minors, do not relate or refer to acts of lewdness or lasciviousness either with the body of a child or in the presence of children without practicing the same upon or with their bodies. It follows that there is no discrimination involved in our code sections with respect to acts of lewdness or lasciviousness upon or with or in the presence of children. Indeed, there is a marked distinction between the several crimes denounced by the Penal Code for such acts. It is quite

true that the crimes referred to may, in a general sense,
be said to be correlated, as are robbery and larceny, be-
cause of possessing a certain element in common. Both these
last-named crimes involve the element of the felonious taking
from another his personal property, but they are essentially
differentiated by reason of the fact that the stealing in the
one case is accomplished by means of force or fear, while
in the other a less violent method is resorted to. So in the
case before us. It is true that the act of lewdness or
lasciviousness penalized by section 288 involves some of the
elements to be found in section 273g. Indeed, it involves
some of the elements involved in the crime of rape or the
infamous crime against nature, but there are features in
those crimes which not only distinguish them one from the
other, but which distinguish them from any other crime de-
nounced in our statutes involving acts appertaining, either
directly or indirectly, to sexual relations. Upon such dis-
tinction it is competent for the legislature to annex a differ-
ent punishment for the different crimes, and in doing this
the legislature will be, and presumptively has always been,
governed by the nature of the acts constituting the crime,
or, in the case of penal statutes for the prevention of crimes
against children, fix the penalty in accordance with the ef-
fect that the prohibited acts would naturally have upon that
class of persons (and consequently upon society), taking
into consideration their age, where that element is important
in the determination of such effect, or disregarding the fact
of age where it cannot logically or in the nature of the case
enter as a factor into the determination of such effect.
Of course, no one will question the constitutional authority
of the legislature to fix the penalty to suit the crime, or,
in other words, to fix different penalties for different crimes,
the penalty in each case being measured or fixed according
to the nature of the particular crime and its effect upon
society. (See *People* v. *Barbieri,* 33 Cal. App. 770, 780,
[166 Pac. 812]; *Ex parte Selowsky,* 38 Cal. App. 569, [177
Pac. 301]; *Selowsky* v. *Superior Court,* 180 Cal. 404, [181
Pac. 652].) It follows from the foregoing that section 288,
either when taken alone or when considered in comparison
with the other sections of the Penal Code above named, in
no way impinges upon rights guaranteed by the fourteenth
amendment of the constitution of the United States, or has

the effect of denying to a person prosecuted under its provisions the equal protection of the law or depriving him of his liberty without due process of law. Nor does the section authorize the infliction of unusual punishment within the meaning of the inhibition in that respect of section 6 of article I of the state constitution. (See *Wilkerson* v. *Utah,* 99 U. S. 130, [25 L. Ed. 345]; *Ex parte Kemmler,* 136 U. S. 436, [34 L. Ed. 519, 10 Sup. Ct. Rep. 930, see also, Rose's U. S. Notes]; *People* v. *Finley,* 153 Cal. 59, [94 Pac. 248].)

[7] 4. There is not imparted to section 288 uncertainty or ambiguity or unintelligibleness as to its meaning or intent by reason of the fact that "part two" instead of "part one" is therein erroneously referred to as defining crimes involving in their composition, among other elements, that of lewd or lascivious conduct, which specific conduct is by said section excepted from the operation thereof. Part 2 of the Penal Code relates entirely to the procedure in criminal cases, while part one contains the definition of the several crimes and the penalties annexed thereto. It is, therefore, plainly manifest that the reference by section 288 to "part two" in the connection in which it is therein used was due, not to the intention of the legislature, but to inadvertence or an oversight—perhaps a clerical misprision, possibly a mistake of the printer. [8] At any rate, it is, as stated, very clear that the legislature did not intend in said section to refer to "part two" of the Penal Code, for such a reference would make the section an absurdity, and it is one of the cardinal rules of statutory construction that, if, by giving to a word or a phrase in a statute its literal meaning, absurd consequences would be the inevitable result, then the literal meaning thereof must be disregarded and such a meaning ascribed thereto, consistent, of course, with the general context and the evident object of the act, as will render the act not only consistent in all its parts, but reasonable in its effect and, therefore, effectual for the purposes for which it was intended. The validity of the identical section was challenged upon precisely the same ground in *People* v. *Bradford,* 1 Cal. App. 41, [81 Pac. 712], and the views and the conclusion expressed and arrived at in that case are in harmony with the views above expressed.

Counsel for the defendant contends, however, that the

rules of statutory construction which are applied in the Bradford case have application to statutes regulating or defining civil rights and not to penal statutes or legislative acts defining crimes and fixing their penalties, referring to sections 388, 411, 498, 521, and 524 of Sutherland on Statutory Construction, second edition and the case of *Ex parte McNulty*, 77 Cal. 164, [11 Am. St. Rep. 257, 19 Pac. 237], as supporting that proposition. We fully agree with what is said in the California case named, that "Constructive crimes—crimes built up by courts with the aid of inference, implication and strained interpretation—are repugnant to the spirit and letter of English and American criminal law," but we do not assent to the proposition that that case holds or that Sutherland declares the rule to be that the rules of statutory construction are not, generally, as well applicable to the construction of statutes defining crimes as to the construction of statutes concerning civil rights. There is nothing in the matter of the construction of section 288 but the simple question whether the legislature *intended* to refer therein to a part of the Penal Code which would make said section mean something and what it was obviously intended to mean or to a part of said code which would render the section not only absurd but in truth nonsensical; and manifestly, it requires under the circumstances present here no strained interpretation, nor does it amount to the building up of a "constructive crime," to find that the legislature intended to refer in said section to part one and not to part two of the Penal Code, and that the reference therein to part two is the result of an inadvertence.

[9] 5. There is no merit, so far as the record before us shows, in the point that the "judgment and verdict do not show a violation of section 288 of the Penal Code," and, therefore, "the offense not being within section 288, the superior court had no jurisdiction to sentence the appellant to the state prison." The argument addressed to the support of this point is that, while the said section defines the crime therein denounced as the commission of "any lewd or lascivious act . . . upon or with the *body* . . . of a child," etc., the verdict was that defendant was guilty "of the crime of lewd and lascivious conduct with a male child under the age of fourteen years, a felony, as charged in the indictment," and the judgment was in similar phraseology. It will be noticed that neither the verdict nor the judgment stated or declared

that the crime of which defendant was convicted was committed "upon and with the *body*," etc. [10] The indictment upon which the defendant was prosecuted and convicted is not in the record here. We must, therefore, presume, in this collateral attack upon the judgment, that the indictment sufficiently stated the offense defined by section 288 by following substantially and in all essential particulars the language thereof; and so viewing the indictment, the verdict sufficiently finds that the crime denounced by said section was committed by the accused by the use of the general language therein contained, viz.: "*a felony, as charged in the indictment.*" The "judgment" involving the pronouncement of sentence in a criminal case is generally orally rendered and delivered and is usually in informal language, and the law requires it to be no more than that. (Pen. Code, sec. 1202; *People* v. *Terrill*, 133 Cal. 120, 123, [65 Pac. 303].) The record of a criminal action consists of the following papers: 1. The indictment or information, and a copy of the minutes of the plea or demurrer; 2. A copy of the minutes of the trial; 3. The written instructions, etc., and 4. A copy of the judgment. "The judgment need not and it was not intended that it should repeat anything contained in the papers which precede it, for in view of the fact that they go into the record and make a part of it, such repetition would be idle and serve no useful purpose. The only material parts of a judgment are the statement of the offense for which the defendant has been convicted, omitting therefrom all that is contained in the previous papers and therefore not necessary to be repeated, and the sentence of the court." (*Ex parte Williams*, 89 Cal. 421, 426, 427, [26 Pac. 887, 889].) If the judgment with sufficient clearness shows that it is the pronouncement of sentence by the court upon the verdict as returned and the penalty imposed by such sentence is authorized by the statute under which the prisoner has been convicted, then the judgment satisfies the demand of the statute in that respect. The mere omission by the court, in passing sentence on the prisoner, to state or describe the offense with technical precision, certainly should not, in reason, be held to have the effect of rendering the judgment of sentence void or even voidable. Of course, all this is upon the assumption that the verdict finds the crime as charged and that the charge, as we are authorized to assume is true here, is correctly described in the

indictment. The statement in the judgment that, ''Whereas, the said Charles Camp has been duly convicted in this court of the crime of lewd and lascivious conduct with a male child under the age of fourteen years,'' implies that he has been convicted of the offense shown by the verdict upon which the judgment must necessarily rest, and, therefore, further implies that the offense for which he was sentenced embraced all the vital elements constituting the offense as it is defined by the statute, just as a judgment of sentence for murder upon a verdict convicting the accused of that crime implies, without stating it in the judgment, the unlawful taking of human life deliberately and with malice aforethought. As sustaining the foregoing views, we cite the following cases in addition to those above referred to: *Matter of Ring,* 28 Cal. 248, 253; *Ex parte Gibson,* 31 Cal. 619, [91 Am. Dec. 546]; *Ex parte Raye,* 63 Cal. 491; *People* v. *Murback,* 64 Cal. 369, 372, [30 Pac. 608].

[11] 6. There is absolutely no ground for the contention that section 288 has been repealed by section 28 of the so-called juvenile court law. (Stats. 1913, p. 1303.) So much of said section as pertains to the penalty for the offense therein referred to reads as follows: ''Any person who shall commit any act or omit the performance of any duty, which act or omission causes or tends to cause, encourage or contribute to the dependency or delinquency of any person under the age of twenty-one years, as defined by any law of this state, or any person who shall, by any act or omission, threats or commands or persuasion, endeavor to induce any such person, under twenty-one years of age, to do or to perform any act or follow any course of conduct, or to so live as would cause or manifestly tend to cause any such person to become, or to remain a dependent or delinquent person, . . . shall be punished by a fine not exceeding one thousand dollars, or imprisonment in the county jail for not more than one year, or by both such fine and imprisonment.'' The design of that law is, so far as a penal statute can go in the accomplishment of so laudable a purpose, to protect minors against those acts and temptations which, if allowed to be practiced and to exist, will surely lead them into habits involving acts of the grossest depravity. Section 3 of the law enumerates and describes eight different acts of omission and commission any or all of which will constitute a minor a dependent person. Section 4 of said

act provides that a "delinquent person" is one who violates any law of the state, or any ordinance of any city, town, etc., defining crime and which involves moral turpitude. Among the variety of acts enumerated in section 3 as constituting the dependency of a minor, neither the act of sexual commerce nor that of lewd and lascivious conduct with or upon a minor is specifically or *eo nomine* named or mentioned. There can be no doubt, though, that either or both of the last-mentioned acts upon a minor, under the general language of certain subdivisions of section 3 or that of section 4 of the said law, would properly be construed as acts contributing to the dependency or the delinquency of a minor within the common intent of that law; yet it would hardly with seriousness be contended that the penalty fixed by section 28 of said law was intended to supersede or take the place of the penalty prescribed by section 261 of the Penal Code, defining the crime of rape, where a person is prosecuted and convicted under said code section for the crime of statutory rape—that is, for having sexual intercourse with a female under the age of eighteen years, a minor under the juvenile court law as well as under section 261 of the Penal Code. Nor can such a contention be sustained with respect to the effect of section 28 of the juvenile court law upon section 288 of the Penal Code. Section 28 of the juvenile court law does not repeal section 288 of the code by express language, and we find nothing in its language, either when considered alone or in connection with other provisions of the law to which it belongs, which would justify the conclusion that it does so by implication or thus affects the penalty prescribed by the code section for the distinctive crime by said section defined. In other words, the question here is one of legislative intent, and we perceive nothing in the language of section 28 of the juvenile court law, or in that of any other section of said law, from which it is to be inferred that the legislature intended by said section or by the act of which it is a part to expunge section 288 of the Penal Code or to repeal the penal clause thereof, and this is what the argument of counsel, if sustained, would bring about. The two acts—section 288 of the Penal Code and the juvenile court law, even with its section 28—can consistently stand together, and when this can be said of two different legislative acts having, in a remote way, some

relation to each other as to the general subject matter thereof, then there is no such repugnancy between them as will amount to or operate as a repeal by implication of the earlier act.

[12]   7. The final point urged by appellant is that the court was without jurisdiction to inflict a greater punishment for the violation of section 288 than that of five years.

The penalty fixed by section 288 of the Penal Code is, as will be observed, imprisonment "in the state prison not less than one year," no maximum penalty being thereby expressly prescribed. Section 671 of said code reads: "Whenever any person is declared punishable for a crime by imprisonment in the state prison for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, the court authorized to pronounce judgment upon such conviction may, in its discretion, sentence such offender to imprisonment during his natural life, or for any number of years not less than that prescribed." The last-named section is obviously a complete answer to the contention of the appellant that the court was without authority to make the penalty in this case greater than that of imprisonment for five years. Counsel insists, however, that section 671 has no application to section 288, but that the maximum punishment under the latter section is fixed by section 18 of said code, which provides: "Except in cases where a different punishment is prescribed by this code, every offense declared to be a felony is punishable by imprisonment in the state prison, not exceeding five years." We are unable to see the force of the argument. Sections 288 and 671 must be read together to ascertain the maximum and the minimum penalties in cases arising under the first-named section. The two together fix the lowest and the highest limits within which the court was authorized to exercise its discretion as to the punishment. Thus the case here comes within the exception made by section 18, this being as clearly a case "where a different punishment is prescribed" as though both the maximum and minimum penalties were expressly declared in section 288 of the code.

We have now as fully as we have conceived necessary noticed all the general points made by the appellant. We have not discussed the points, though, from all the angles

of the argument advanced in support of the appeal or strictly followed the varying ramifications thereof. We have satisfied ourselves, however, that there is no substantial merit in any of the points presented, although they have been ingeniously and with as much force as untenable legal problems may be supported pressed upon us in the brief.

The order appealed from is affirmed.

Chipman, P. J., and Burnett, J. concurred.