PEDRO GONZÁLEZ LEVY ET AL., Petitioners, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 679. Submitted December 2, 1929.—Decided January 22, 1930.

*De la Torre & Ramírez* and *Largé & Acevedo,* for petitioners.  *A. R. de Jesús,* for plaintiff in the main action.

MR. JUSTICE ALDREY delivered the opinion of the court.

In this case, on the petition of J. Clivillés & Co. and Pedro González Levy, we issued a writ of certiorari directed to the District Court of San Juan requiring the production of the record in the action referred to in the writ.

It appears from the record sent up that the mercantile partnership Malgor & Co. brought an ordinary action against J. Clivillés & Co., another partnership, and Pedro González Levy to recover a certain sum of money represented by two mortgages, and alleged that while Manuel Montalvo was the owner of a certain piece of property he constituted on it the said two mortgages; that J. Clivillés & Co. brought an action of debt against Montalvo and, in execution of the judgment obtained against the defendant in that action, the mortgaged property was sold at public auction to J. Clivillés & Co., who assumed the obligation to pay those mortgages; that subsequently, and while the said mortgages were still outstanding, J. Clivillés & Co. sold the property to Pedro González Levy; that the firm of Malgor & Co. acquired by assignment the two mortgage credits, which remained unpaid, and filed a complaint against J. Clivillés & Co. and Pedro González Levy wherein he prayed for judgment against the defendants, that a sale of the mortgaged property be ordered, and that if the proceeds thereof should be insufficient to cover the sum claimed that an order of execution be issued against J. Clivillés & Co. for the amount of the deficiency.

Both defendants filed demurrers to the complaint through the same firm of attorneys. The demurrers were overruled, and thereupon the said law firm answered the complaint opposing the same on behalf of J. Clivillés & Co., although no answer was filed by Pedro González Levy or by anyone on his behalf.

On the day set for the trial of the case the same attorneys appeared in the proceedings, and in due course judgment

was rendered against the defendants and notified by the clerk of the court to the said firm of attorneys. An appeal from the judgment was taken by J. Clivillés & Co., and thereafter a writ of execution was issued against Pedro González Levy and the property levied upon sold at public auction to a third person.

An attorney who appears in a court on behalf of a party continues to represent it until there is a withdrawal of record. (Rule 26 of the district courts of this Island; 6 C. J. 674.) Therefore, as a firm of attorneys appeared in the original action on behalf of Pedro González Levy and J. Clivillés & Co., and filed demurrers to the complaint, it was not necessary that the default of Pedro González Levy be entered previously to the trial and entry of judgment, since the only purpose of entering the default is to limit the time within which the defendant may answer. *Drake* v. *Duvenick,* 45 Cal. 462; *Herman* v. *Santee,* 102 Cal. 519; 42 A.S.R. 145; *Hibernia Sav. etc. Soc.* v. *Mathai,* 116 Cal. 424. As the judgment was notified to the law firm which represented González Levy, it can not be maintained that error was committed in enforcing the judgment as to him after the time for him to take an appeal had expired.

The writ of certiorari issued must be discharged.