Pedro González Levy y J. Clivillés y Co., Sucs., peticionarios, *v.* La Corte de Distrito de San Juan, Hon. Domingo Sepúlveda, Juez, demandada.

No. 679.—*Sometido:* Diciembre 2, 1929. *Resuelto:* Enero 22, 1930.

*De La Torre & Ramírez* y *Largé & Acevedo*, abogados de los peticionarios; *A. R. De Jesús*, por la parte demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En este caso expedimos un auto de *certiorari* contra la Corte de Distrito de San Juan a instancia de J. Clivillés & Co. y de Pedro González Levy reclamando los autos originales del pleito a que hace referencia.

De dichos autos aparece que la sociedad mercantil Malgor & Co. demandó en juicio ordinario a la mercantil J. Clivillés & Co. y a Pedro González Levy para que le pagasen cierta cantidad de dinero importe de dos hipotecas, fundándose en que siendo Manuel Montalvo dueño de cierta finca constituyó sobre ella dichos gravámenes: que J. Clivillés & Co. demandó a Montalvo en cobro de dinero y para ejecutar la sentencia condenatoria que obtuvo fué vendida en pública subasta la finca hipotecada la que fué adjudicada a J. Clivillés & Co., haciéndose ésta responsable de pagar esas hipotecas: que posteriormente J. Clivillés & Co. vendió la finca a Pedro González Levy subsistentes tales gravámenes: que Malgor & Co. adquirió por cesión dichos créditos hipotecarios, los que no le han sido pagados, y estableció demanda contra J. Clivillés & Co., y contra Pedro González Levy en la que solicitó sentencia condenatoria contra ambos y también que se ordenase la venta de la finca hipotecada, disponiéndose además que si su producto no cubriese la cantidad reclamada se

expidiera orden de ejecución contra J. Clivillés & Co. por el déficit que resultare.

Contra esa demanda fueron formuladas excepciones previas por ambos demandados bajo la representación de una firma social de abogados pero fueron declaradas sin lugar y, entonces, la misma firma de abogados contestó la demanda y se opuso a ella en nombre de J. Clivillés & Co., sin que se presentase contestación por Pedro González Levy ni a nombre suyo.

El día señalado para el juicio compareció a él la misma firma de abogados, dictándose sentencia condenatoria contra ambos demandados en los términos solicitados por la demandante, sentencia que fué notificada por el secretario de la corte a la firma profesional de abogados dicha. Esa sentencia fué apelada por J. Clivillés & Co., y posteriormente fué librada orden de ejecución contra Pedro González Levy y vendida la finca mencionada en pública subasta a una tercera persona.

El abogado que comparece en un tribunal en nombre de una parte conserva la representación de ella mientras no se haga constar en los autos que tal representación ha terminado. Regla 26 de las cortes de distrito de esta Isla: 6 C. J. 674. Por consiguiente, habiendo comparecido en el pleito que originó este recurso una firma de abogados en representación de Pedro González Levy y de J. Clivillés & Co. formulando excepciones previas contra la demanda no era necesaria la anotación de rebeldía de González Levy para que la corte pudiera celebrar juicio y dictar sentencia, pues el solo propósito de esa anotación es limitar el tiempo durante el cual el demandado puede contestar. *Drake* v. *Duvenick,* 45 Cal. 462; *Herman* v. *Santee,* 102 Cal. 519; 42 A.R.S. 145; *Hibernia Sav. etc. Soc.* v. *Mathai,* 116 Cal. 424. Y como la sentencia fué notificada a la firma de abogados representante de González Levy no puede sostenerse que hubo error en

cumplir en cuanto a él la sentencia después de pasado el período que tuvo González Levy para apelarla.

*El auto de* certiorari *librado debe ser anulado.*