[Crim. No. 13572.   Second Dist., Div. One.   Mar. 14, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. TIMOTHY ALLEN FOSTER, Defendant and Appellant.

V. Lane Knight, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, George J. Roth and Philippe J. Monet, Deputy Attorneys General, for Plaintiff and Respondent.

LILLIE, J.—By information defendant was charged with possession of marijuana in violation of section 11530, Health and Safety Code; a jury found him guilty. His motion for a new trial was denied and he was sentenced to the state prison for the term prescribed by law. Defendant appeals from the judgment and order denying motion for a new trial. The appeal from the order is dismissed. (§ 1237, Pen. Code; *People* v. *Ing,* 65 Cal.2d 603, 614 [55 Cal.Rptr. 902, 422 P.2d 590].)

On April 15, 1966, around 2:20 a.m., Officer Corbett, on a burglary stake-out, after observing defendant's suspicious conduct, attempted to apprehend him in his automobile after identifying himself and requesting defendant to pull to the curb; defendant looked at the officer and started speeding down Sunset Boulevard; a chase with siren and spotlight ensued during which the officer observed him extend his left arm out of the driver's window and throw a bottle containing marijuana over the roof of the car onto the lawn of a house; upon defendant's arrest a search of his pants pocket revealed some zig-zag papers.

86

■ Appellant's sole contention is that section 11530, Health and Safety Code, does not properly describe a crime and that a violation of the provisions thereof, either by act or omission, is not punishable because the "possession of a narcotic" is not an act proscribed by the Penal Code; that Penal Code, section 6, forbids punishment for criminal acts except as prescribed or authorized by the Penal Code.

The Penal Code became effective in 1873; it contained section 6[1] which remains in effect today. The Legislature captioned the section "Effect of Code Upon Past Offenses"; and by its own terms section 6 was intended to affect only past offenses. All it says is that after 12 o'clock noon on January 1, 1873, the only acts cognizable as crimes in California are those defined in the Penal Code and the statutes which were specifically preserved by it and in those municipal, county or township ordinances in force at that time. Penal Code, section 23, which enumerated the statutes "continuing in force" referred to in section 6, was repealed in 1959, leaving no such statutes in effect. Thus, if we give validity to appellant's contention contrary to legislative intent, the result would be a removal from the list of crimes in California any not set forth in the Penal Code, and an invalidation of all city and county ordinances having criminal sanctions passed after January 1, 1873.

It is clearly apparent from the language of section 6 that the Legislature never intended to limit criminal offenses in this state to those listed in the Penal Code; its only intention was thereby to eliminate common law or statutory offenses existing prior to 1873 except for those which it specifically provided would continue in existence. Nor does it appear from section 6 that the Legislature intended to regulate future legislative acts (criminal laws) or direct where they shall be placed or prohibit future Legislatures from placing criminal statutes in other codes for convenience. Thus, we find no inconsistency between section 6 and section 11530, Health and Safety Code.

To our knowledge no reported case involves the specific

[1] "No act or omission, commenced after twelve o'clock noon of the day on which this code takes effect as a law, is criminal or punishable, except as prescribed or authorized by this code, or by some of the statutes which it specifies as continuing in force and as not affected by its provisions, or by some ordinance, municipal, county, or township regulation, passed or adopted, under such statutes and in force when this code takes effect. Any act or omission commenced prior to that time may be inquired of, prosecuted, and punished in the same manner as if this code had not been passed."

issue herein raised, although on various grounds our courts
have upheld the constitutionality of California statutes pro-
hibiting the possession of narcotics and dangerous drugs. (See
*People* v. *Widener,* 220 Cal.App.2d 826, 830 [34 Cal.Rptr.
130]; *People* v. *Glaser,* 238 Cal.App.2d 819, 824 [48 Cal.Rptr.
427], and cases cited therein.) ▆▆▆ ·A statutory provision
otherwise constitutional and valid is not void simply because
found in any particular code (*County of Butte* v. *Merrill,* 141
Cal. 396, 399 [74 P. 1036]), and there is no requirement that
penal statutes to be valid be a part of the Penal Code. (*Ex
parte Liddell* (1892) 93 Cal. 633 [29 P. 251].) In *Liddell,* the
Supreme Court said at page 640: ''We think there is no merit
in the contention that section 16 [State Reform School Act] is
void because not made a part of the Penal Code. It is true, it
could have been enacted as an amendment to the code, and
perhaps it would have been more consistent with our system
of codification if it had been, but *we know of no provision
which requires penal statutes to be made a part of the code.*''
(Italics added.) In *In re Porterfield* (1946) 28 Cal.2d 91, on
code separation the Supreme Court said at page 100 [168 P.2d
706, 167 A.L.R. 675]: ''The mere fact that labor unions are
treated in the Labor Code and professions in general by the
Business and Professions Code does not mean that the act of
an employee of a labor union in soliciting workers to become
members of a particular union does not constitute engaging in
an occupation or business subject to license for purposes of
regulation or revenue. Labor unions exist for very practical
business as well as social reasons. The code separation is for
convenience only. It is a well-recognized rule that for pur-
poses of statutory construction the codes are to be regarded as
blending into each other and constituting but a single statute.
(*Proctor* v. *Justice's Court* (1940) 209 Cal. 39, 43 [285 P.
213]; *County of Butte* v. *Merrill* (1903) 141 Cal. 396, 399 [74
P. 1036]; *Clarke* v. *Mead* (1894) 102 Cal. 516, 520 [36 P.
862].)''

▆▆▆ Since there is nothing in section 6, Penal Code,
directing future Legislatures where to place criminal laws, a
statutory provision otherwise constitutional and valid is not
void because found outside of the Penal Code and there is no
requirement that penal statutes be made a part of the Penal
Code, we conclude that section 6 does not forbid punishment
for a criminal act which is a violation of the provisions of
section 11530 of the Health and Safety Code.

Inasmuch as we find no inconsistency between section 6,
Penal Code, and section 11530, Health and Safety Code, we

deem it unnecessary to discuss whether the later statute making acts proscribed by the Health and Safety Code criminal, effects an implied repeal of Penal Code, section 6.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.