### The People on the relation of Myron Coon and others v. The Plymouth Plank Road Company.

*Motion for new trial: Quo warranto causes: Delay.* A motion for a new trial in a *quo warranto* cause should be made at the same term that the report of the trial is filed, where there is ample time to make it before the close of the term.

COON v. PLYMOUTH PLANK ROAD CO.

*Attorney and client: Attorney ceasing to act: Stay of proceedings: Statute construed.* The statute (*Comp. L. 1871*, § *5630*), providing for a stay of proceedings in the cause, for the appointment by the client of another attorney or solicitor, in case "any attorney or solicitor shall die, be removed or suspended, or cease to act as such," does not apply to a case where a practicing attorney for any reason declines to go on with a particular case while still continuing in practice, but is intended to provide for those cases only in which the attorney or solicitor, by reason of death, disability, or other cause, has ceased to practice in the court.

*Quo warranto causes: Final judgment: Issues of fact: Jury trial: Report of trial: Evidence.* It is no valid objection to the entry of final judgment in a *quo warranto* cause in which an issue of fact has been sent down for trial by jury, that the circuit judge with his report of trial has not certified the evidence on the trial, where this was not required by the order sending the case down for trial.

*Verdict: Finding construed: Plank road company: Forfeiture of corporate franchises: Ouster.* A verdict finding that the road of a plank road company has been for more than six years in a broken and worn out condition for its entire length, and has been for that time and still continues to be entirely unsafe and in an unsafe condition for vehicles to pass over and upon, is sufficient to warrant a forfeiture of the corporate rights and franchises of the company and to justify a judgment of ouster.

*Verdict: Negligence.* An objection to such a verdict, that it fails to find that the road was in such unsafe condition through the neglect or fault of the company, is held to be without force; in view of the time covered by the verdict, negligence is a legal conclusion.

*Evidence: Verdict.* The evidence in the case is held to have been ample to warrant the verdict.

*Heard June 9.      Decided June 15.*

Information in the nature of a *Quo Warranto*.

*A. J. Smith, Attorney General,* and *Henry M. Cheever,* for the People.

*F. A. Baker,* for respondent.

COOLEY, J:

The motion for a new trial in this cause is denied. If good cause for a new trial existed, the motion should have been made at the last term; the report having been on file considerably more than a month before that term closed. But we think no good cause existed. What is relied upon is, that the attorney for respondents, upon whom they depended for the trial of the case, was unable from illness to attend to it when the trial took place, and therefore formally withdrew from the case, serving a written notice thereof

32 MICH.—32.

upon counsel for the people, who nevertheless went on with the trial. It is claimed that this withdrawal took from the relators the right to proceed. The statute,—*Comp. L.*, § *5630*,—provides that "When any attorney or solicitor shall die, be removed or suspended, or cease to act as such, the person for whom he was acting shall be notified to appoint another attorney or solicitor, at least thirty days before any proceeding shall be had against such person, in the matter wherein such attorney or solicitor was acting for him." We do not understand this to apply to a case where a practicing attorney for any reason declines to go on with a particular case while still continuing in practice. It might be made the means of serious mischief if it could have such a construction. The plain meaning of the statute is to provide for cases in which the attorney or solicitor, by reason of death, disability, or other cause, has ceased to practice in the court. His refusal to proceed in a particular case is not ceasing to "act as such" attorney or solicitor; it does not even disconnect him with the case; for that can only be accomplished by consent of the parties, or of the court, or by regular proceedings for the substitution of another.

Several objections are made to the motion on behalf of the relators for final judgment. The first is, that the judge has not certified the evidence. But this was not required by the order sending the case down for trial.

Another is, that the finding upon the issue is not sufficient to warrant a judgment, and it is claimed that it cannot be aided by answers of the jury to specific questions put to them which perhaps show defaults of the company not shown by that finding. The finding is, that the plank road of respondents has been for more than six years in a broken and worn-out condition for its entire length, and has been for that time and still continues to be entirely unsafe, and in an unsafe condition for vehicles to pass over and upon. This finding covers the whole substance of the issue.

It is said the jury do not find that it was in this unsafe condition through the neglect or fault of the respondents;

but in view of the time covered by the verdict, we think negligence is a legal conclusion.

It was also objected, somewhat faintly, that the evidence did not warrant the verdict, but it seems to have been ample.

Judgment of ouster must be entered.

GRAVES, CH. J., and CAMPBELL, J., concurred.

MARSTON, J., did not sit in this case, having been connected with it as attorney general.