[S. F. No. 429.    In Bank.—April 11, 1896.]

LUCRETIA LEE ET AL., PETITIONERS, *v.* SUPERIOR COURT OF SAN JOAQUIN COUNTY, RESPONDENT.

ESTATES OF DECEASED PERSONS—ATTORNEY FOR ABSENT LEGATEES—SUBSTITUTION—MANDAMUS.—*Mandamus* will lie to compel a substitution of an attorney appointed by absent legatees for an attorney appointed for them by the court.

ID.—RIGHTS OF ATTORNEYS APPOINTED BY COURT—VACATION OF APPOINTMENT.—Attorneys appointed by the court to represent absent heirs or legatees are entitled to a reasonable compensation for their services, and also to considerate treatment, and a motion to vacate the appointment and to discharge such attorneys is properly denied.

MANDAMUS from the Supreme Court to the Superior Court of San Joaquin County. JOSEPH H. BUDD, Judge.

The facts are stated in the opinion of the court.

*John A. Percy,* for Petitioners.

Adult and legally competent legatees of an estate may appear at any time, in person or by attorney, and assume control of their own interests, even though the court may have appointed an attorney to represent them. (Code Civ. Proc., secs. 1014, 1307, 1327, 1718; *Commissioners* v. *Younger,* 29 Cal. 149; 87 Am. Dec. 164; *Lyons* v. *State,* 67 Cal. 384; *Carpenter* v. *Superior Court,* 75 Cal. 599.) A party to an action or special proceeding may change his attorney at any time. (Code Civ. Proc., sec. 284; *Prescott* v. *Salthouse,* 53 Cal. 222; *Faulkner* v. *Hendy,* 99 Cal. 172; *People's Bank* v. *Superior Court,* 104 Cal. 644; 43 Am. St. Rep. 147; *Smith* v. *Westerfield,* 88 Cal. 379; *In re Burton,* 93 Cal. 463.)

*F. D. Nicol,* for Respondent.

THE COURT.—This is a petition for a writ of mandate to the superior court to compel a substitution of attorneys. The petitioners are legatees under the will of a deceased person and reside out of the state of California. In the course of the probate proceedings the judge of the superior court appointed certain attorneys to represent

the interests of petitioners. Subsequently, petitioners appointed an attorney of their own selection and moved that he be substituted in place of the attorney appointed by the court. This motion was denied by the court, principally upon the ground—as we infer from the answer—that the attorneys previously appointed had performed valuable services before the motion for substitution and were still efficiently protecting the interests of the petitioners, while the personal relations of the attorney selected by them to the executor of the will were such as might prevent him from serving them equally well.

We do not think that this or any of the grounds suggested in the answer or argument justify the refusal to make the substitution. It is eminently proper that the court should appoint attorneys to guard the interests of absent heirs and legatees, and such attorneys are entitled, not only to a reasonable compensation for their services, but to considerate treatment. The motion originally made to vacate their appointment and to discharge them was, therefore, properly denied; but on the present motion for a substitution. the petitioners being *sui juris* and insisting upon their right, the statute makes the granting of the order imperative. (Code Civ. Proc., sec. 284.)

Peremptory writ granted.