## HENSON *v.* STATE.[*]

(Division B.  Affirmed June 7, 1926.)

[108 So. 719.  No. 25602.]

1. CRIMINAL LAW. *Supreme court has no duty to consider appeal unless assignment of error and brief pointing out matters relied on are filed according to rules of court.*

 The supreme court is under no duty to consider an appeal prosecuted unless an assignment of error and a brief pointing out the matters relied upon are filed according to the rule of the court. However, in this case, in view of the fact that life imprisonment is imposed, the court has examined the record and found no error therein.

2. CRIMINAL LAW. *While counsel are under no legal duty to appeal from conviction unless satisfied there is probable error, counsel taking appeal in capital case should file assignments of error and briefs.*

 Where, in a capital case, an attorney representing the defendant feels that an appeal is proper and is not willing for the judgment of conviction to rest upon the judgment of the circuit court, counsel taking such appeal should file assignments of error and briefs.  Counsel are under no legal duty to appeal unless they are satisfied that there is probable error in the trial.

---

*Corpus Juris-Cyc References: Attorney and Client, 6CJ, p. 653, n. 44. Criminal Law, 17CJ, p. 181, n. 25 New; p. 186, n. 19, 23.

APPEAL from circuit court of Tunica county.
HON. W. A. ALCORN, Judge.
Mary Henson was convicted of murder, and she appeals.  Affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted, tried, and convicted of the murder of Frank Henson, her husband.  The case has been appealed to this court, without either an assign-

ment of error, brief, or statement of the facts and points relied upon for reversal, although it appears that she was defended in the court below by attorneys.

Although this court is under no obligation to consider an appeal so prosecuted, out of consideration of the fact that the sentence carries life imprisonment in the penitentiary and the fact that we are reluctant to dismiss an appeal carrying a life sentence or a death penalty, we have gone through the record, read the evidence and instructions in the case, and find no reversible error. There was direct and radical conflict between the witnesses for the state and those for the defendant as to the facts of the killing. Viewed from the testimony of the state, the killing was a clear case of atrocious murder. Viewed from the testimony of the defendant, she acted in self-defense.

In view of the frequent practice of sending up appeals of this character to this court for it to pass upon the action of the court below without the aid of assignments of error and briefs by the attorney who represented the defendant in the court below, we feel that, without intention to reflect upon any attorney or person, when counsel feel like an appeal should be prosecuted and are not willing for the conviction to stand upon the responsibility of the circuit judge and the verdict of the jury, we should have the benefit of the views of counsel who tried the case for the defendant and of the attorney-general for the state. If counsel are satisfied after consideration that there is not probable error in the court below, we do not think we should be troubled with appeals wholly devoid of merit. Such appeals unduly delay the punishment of crime and consequently, to that extent, bring the administration of justice into contempt and encourage crime. In the eyes of the law a conviction by a jury after a fair trial, sustained by the opinion of the circuit judge, is sufficient to satisfy the law. In such case counsel are not responsible if they have done their

full duty, but the responsibility rests upon the law administered by the circuit court.

We do not shrink from any duty to pass upon any case, but we feel like when called upon to do so we should have the aid and assistance of those who have brought the case here, or of some other competent person learned in the law. Of course, if the defendant appeals regardless of the advice of counsel, counsel need not follow the case here, but should advise the court of the situation.

The judgment will be affirmed.

*Affirmed.*