[Civ. No. 5398.  Second Appellate District, Division Two.—November 18, 1926.]

## ROY A. LINN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] ATTORNEY AND CLIENT—RIGHT OF WITHDRAWAL—INJUSTICE UPON THIRD PARTY.—In the great majority of instances an attorney should be permitted to withdraw as attorney of record in a pending action, but as an officer of the court he should not be permitted to withdraw if his withdrawal will work injustice upon a third party.

[2] ID. — DISCRETION OF TRIAL COURT—EVIDENCE. — In this proceeding in which an attorney sought an order of the trial court permitting him to withdraw as attorney of record in a pending action because he had not been paid the full agreed fee, considering the probable condition of the trial court's calendar and the fact that the court, for some reason, had advanced the cause on the trial calendar, the status of the pending cause, the payments that had been made to said attorney by his client, the fact that he had been employed and worked in the case for more than two and one-half years, and the further fact that he did not notify his client until the ninth day before the trial nor bring his motion to withdraw on for hearing until the day before the trial, it could not be said that the trial court abused its discretion in denying the motion to withdraw.

---

(1) 6 C. J., p. 568, n. 22, p. 674, n. 76 New.  (2) 4 C. J., p. 752, n. 33; 6 C. J., p. 674, n. 87.

PROCEEDING in Mandamus to compel the Superior Court of Los Angeles County and Edward T. Bishop, Judge thereof, to permit petitioner to withdraw as attorney of record in pending cause.  Writ denied.

The facts are stated in the opinion of the court.

Otto & Linn for Petitioner.

Everett W. Mattoon, County Counsel, and R. C. McAllaster, Deputy County Counsel, for Respondents.

---

1. Right of attorney to withdraw from case, notes, **Ann. Cas.** 1912D, 640; 35 **L. R. A. (N. S.)** 960.

THOMPSON, J.—This is an original proceeding in *mandamus* to determine whether or not a peremptory writ should issue, directing the respondent Judge of the Superior Court of the State of California, in and for the County of Los Angeles, to permit the petitioner to withdraw as attorney of record in a pending action. This proceeding has been submitted upon a stipulation of the facts from which it appears that Otto & Linn were attorneys for Louzena K. Bewley from November 3, 1923, until July 29, 1925, at which time Roy A. Linn, the petitioner, was substituted as sole counsel for Louzena K. Bewley; that during that time the firm of Otto & Linn and Roy A. Linn had spent approximately sixteen days in the preparation and management of the action; that prior to July 29, 1925, the firm of Otto & Linn received the sum of $165 on account of attorneys' fees; that since July 29, 1925, petitioner has been paid the sum of $200 on account of attorneys' fees; that on March 19, 1926, petitioner rendered a statement to Mrs. Bewley on the basis that she had agreed to pay $75 per day for the time spent in the preparation and trial of the action; that she has wholly failed to pay Linn any sums except the $365 already mentioned; that on May 24 the petitioner informed Mrs. Bewley that unless she paid to him the moneys due him he would not proceed with the litigation; that thereafter and on May 26, 1926, petitioner served his notice of motion to be permitted to withdraw as counsel of record and delivered to Mrs. Bewley all of the papers in reference to the said action; that the action entitled *Bewley* v. *Bewley* on February 23, 1926, had been advanced on the calendar and set down for trial on June 2, 1926, and petitioner's motion was noticed to be heard on June 1, 1926, and on June 2, 1926, the motion was denied by the respondent court.

It is of this order denying petitioner the permission to withdraw of which he complains and urges that section 284 of the Code of Civil Procedure, in subdivision 2 thereof, gives him the absolute right to retire where there has been a breach by his client of his contract for compensation. The material portion of section 284 of the Code of Civil Procedure reads as follows: "The attorney in an action or a special proceeding may be changed at any time before or

after judgment or final determination, as follows: 1. . . . 2. Upon the order of the court, upon the application of either client, or attorney, after notice from one to the other.''

Counsel has called our attention to several California cases from which it appears that the client has the right to change attorneys at will, in the absence of an interest in the subject matter of the litigation, among which is the case of *Lee* v. *Superior Court,* 112 Cal. 354 [44 Pac. 666], in which it was held that *mandamus* will lie to compel the substitution. He has also cited authorities to the effect that failure of the client to pay the fees agreed upon, or a failure to pay a reasonable amount as the litigation progresses, in the absence of an agreement for a specific sum, is just cause for the attorney to withdraw from the client's cause. We have not, however, been referred to a case, and our research has discovered no case, in which it has been held that it is an abuse of discretion or the arbitrary exercise of discretionary power for the court to permit counsel to withdraw, nor have we been referred to a case in which it has been held that counsel has the unqualified right to withdraw.

Numerous authorities have been cited by respondent, nearly all of which are to the effect that service may be made upon counsel of record where there has been no withdrawal by leave of court, even though as between client and counsel counsel's labors have ended. They are of little value in the determination of this question except for general principles therein enunciated by way of *dictum.* In a very recent interpretation of section 286 of our Code of Civil Procedure the supreme court in the case of *De Recat Corp.* v. *Dunn,* 197 Cal. 787 [42 A. L. R. 1342, 242 Pac. 936], gives voice to the underlying ethics of our profession, and quoting with approval from *Branch* v. *Walker,* 92 N. C. 87, says: '' 'It is a mistaken notion that an attorney can become counsel of record in an action, and cease to be counsel at his own will, pleasure and convenience. He is, in an important sense, an officer of the court, and under its direction and control in respect to matters affecting the court and the administration of public justice, and as soon as he is duly retained in an action or proceeding, he has, by virtue of his office, authority to manage and control the conduct of the action on the part of his client during its

progress, subject to the supervision of the court, and he is the proper person on whom notice should be served in respect to matters pertaining to the conduct of and proceedings in it after it is brought; and his authority and responsibility continue until it is completely determined in the court wherein it is pending.' '' Section 286 of the Code of Civil Procedure just referred to provides as follows: "When an attorney dies, or is removed or suspended, or ceases to act as such, a party to an action, for whom he was acting as attorney, must, before any further proceedings are had against him, be required by the adverse party, by written notice, to appoint another attorney, or to appear in person."

In this action the cause was for good reasons advanced on the calendar for hearing on June 2, 1926. The motion for withdrawal came on to be heard on June 1, 1926, which, if granted, might possibly have caused a continuance of the action under the last section, so that this portion of the opinion in *De Recat Corp.* v. *Dunn* seems pertinent here: "In the case of *McInnes* v. *Sutton,* 35 Wash. 384 [77 Pac. 736], the supreme court of that state, in a situation substantially identical with that presented upon this appeal, held, upon the authority of *Coon* v. *Plymouth Plank Road Co., supra* [32 Mich. 248], that the phrase in the code provision of that state, 'ceases to act as such,' did not relate to the voluntary refusal of an attorney for a party to proceed with a case when it is regularly called for trial and the adversary is prepared with his witnesses to proceed. 'If such were the meaning of the statute,' says the court, 'it could, by collusion between attorney and client, easily be used as a means of effecting at least a 20-day delay, which, in some instances, might amount to a practical denial of justice. The relation of attorney and client, when once established in a case, is not to be so easily severed, when the right of others depend thereon. The interdependent relation is such that what is the client's duty is often the attorney's duty, and the client cannot escape his obligation to the court and to his adversary to proceed with a trial, for the mere reason that his duly appointed confidential agent—his attorney—may have declined to act.' ''

In the case of *Vansandau* v. *Browne,* 9 Bing. 42, which was an action brought by attorneys for services rendered, the defense being that the attorneys had declined to proceed in the action which they had been retained to conduct, to which counsel replied that they were justified on account of the failure of the defendant to pay the fees and costs, Chief Justice Tindal, in holding that counsel were entitled to recover, refers to a case in 1 Sid. 31, and says: "It is said, however, that there are authorities in support of the proposition for which the defendant contends. That in Siderfin is, no doubt, strong; but we must see whether it proceeds on just principles, and whether it will apply to the facts of the present case. Now, in the report in Siderfin, no facts are stated to explain the decision of the court. It may be, probably was the fact, that the attorney on the very day of the assizes deserted the conduct of the cause, giving his client neither time nor opportunity to obtain other professional assistance; if so, the decision of the court was proper."

[1]  It is undoubtedly true that in the great majority of instances the attorney should be permitted to withdraw, but as an officer of the court he should not be permitted to withdraw if his withdrawal will work injustice upon a third party. Such is not in keeping with the place that the profession holds in the machinery designed for measuring justice. [2] Had the court granted petitioner's motion it would have been under the necessity of determining on the next day whether to grant a continuance to Mrs. Bewley in order that she might secure other counsel and to enable him to prepare for trial, which continuance, if granted, might possibly have worked an irreparable injury upon a third party. The presumption is that there were important reasons moving the court to advance the case on' the calendar and the court was entitled to take into consideration all of these reasons, the status of the pending cause, the payments made to counsel, the length of notice given by counsel for the purpose of passing upon his motion. Counsel had been acting for Mrs. Bewley for more than two and one-half years. He did not notify her until the ninth day before the trial nor bring his motion on for hearing until the day before the trial. This called for the exercise of judicial discretion of a high character. Under circum-

stances where the exercise of judicial discretion to the same degree was not involved our supreme court denied the writ. (*Rundberg* v. *Belcher,* 118 Cal. 589 [50 Pac. 670].) The court had supervision and control of one of its officers and we are of the opinion that we may safely rely in the sound discretion of the court that hardship may not be unnecessarily worked upon members of the profession by reason of the rule. From aught that appears there was no abuse of that discretion in this case, nor an arbitrary exercise thereof.

Writ denied.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 17, 1926, and an application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 17, 1927.