THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v.
MARGARO JIMÉNEZ TOLEDO, Defendant and Appellant.

No. 15731.   Argued April 23, 1954.—Decided May 10, 1954.

*Gilberto R. Padró Díaz* and *César Vélez González* for appellant.

PER CURIAM.

After defendant was found guilty by a jury of the crime of murder in the first degree, the Arecibo Part of the Superior Court rendered judgment sentencing him to life imprisonment. On April 23, 1953, the defendant timely took and notified an appeal through his attorney, Lic. Antonio Reyes Delgado, who had also represented him at the trial. On December 14 the transcript of the evidence, duly approved, and the judgment roll were led in this Court. Notice of such filing was given to the *Fiscal* of this Court and to Lic. Antonio Reyes Delgado. On March 24, 1954, this Court entered an order dismissing the appeal for want of prosecution, because the term allowed to appellant for filing his brief expired on January 13 of the current year without his having filed it up to the date of the order. On March 29 the defendant filed personally, and in his own right, a motion requesting an extension of 60 days to file his brief, alleging, briefly, that he had been confined in jail for eleven months; that he delivered the sum of $200 to Pedro Chacón Larán, stenographer of the court of Arecibo, for the transcript of the record; that appellant never received any notice from

this Court requiring the presentation of briefs; that he received three letters from José C. Aponte advising him that the case was already in this Court and that the appeal had been filed; and that he sent those three letters to his attorney, Lic. Reyes Delgado.

On April 9 this Court entered an order directing that a copy of defendant's motion be served on Lic. Reyes Delgado, and granting the latter a period of 15 days to report on that score. On April 17, Lic. Reyes Delgado filed an "appearance" in this Court informing, briefly, as follows: That he assumed the representation of the defendant at the trial "in order to help a laborer who, in my opinion, had no financial means for his defense", and that he received the maximum amount of $100; that following his conviction, the defendant instructed his attorney, declarant herein, to appeal to this Court and informed him that he was receiving a disability pension of $60 a month from the United States Government, and "assured me that he could afford to pay not only the fees for the appeal but also the stenographic record"; that after paying to the stenographer the agreed sum of $200, the attorney appearing herein requested defendant's brother to pay him his fees, "to which he replied that my services were not needed because he would request the Department of Justice to designate a lawyer to conduct the appeal, so that Jiménez Toledo's brother was at liberty to secure an attorney, according to his own statements"; that it is not true that Jiménez Toledo sent to the attorney appearing herein any letters from Lic. C. Aponte; that the sum of $200 was delivered to the stenographer and not to the attorney; that the attorney appearing herein believes that the appeal is not without merit, and that the verdict and instructions were erroneous; "that, personally, I have doubts as to whether Jiménez Toledo actually committed the crime of which he was found guilty, yet, I do not feel morally bound to conduct his appeal gratuitously", particularly in

view of the fact that the defendant receives a monthly pension which his brother wholly enjoys; that, "in the event this Hon. Court reopens the case and orders him to prepare a brief, as attorney designated by the Court, I shall be glad to comply", but if this Court should leave the defendant at liberty to secure another attorney, the declarant would prefer that it be someone else and, to that effect, he has already recommended another attorney to the defendant.

In a subsequent communication addressed to this Court, the defendant alleges that he spoke with Lic. Reyes Delgado on April 17 and that the latter informed him that he was not willing to proceed with the case before this Court unless the defendant paid him forthwith the sum of $200. The defendant requests an additional period to employ another attorney and file his brief.

Two motions subscribed by Lic. César Vélez González were filed on April 27, requesting his inclusion as attorney of record in substitution of Lic. Reyes Delgado and an extension of 60 days to file a brief. The undersigned attorney stated that he had contacted Lic. Reyes Delgado, who informed him that he had withdrawn from the case and expressed his satisfaction over the fact that Lic. César Vélez González had taken charge of the case.

We have decided to authorize the substitution of the attorney in question and to grant an extension of 30 days, thereby setting aside our previous order dismissing the case. However, it is well to voice our opinion on Lic. Reyes Delgado's intervention in the case at bar. We do not believe he acted in bad faith or with the deliberate intent of not cooperating in the administration of justice. However, the procedure followed by him was not proper.

An attorney who acts as such in a litigation or in the legal process of a court of first instance is, generally, under no obligation to continue acting as attorney in the further steps to bring the case before an appellate court,

in the absence of an agreement to that effect, or unless an independent agreement for professional services is made for the purposes of the appeal. As a general rule, he will not be held liable for failure to take part in the proceedings for the review of a case unless he has agreed to do so. (5 Am. Jur. 337, § 129, note 6). However, once he agrees to conduct the steps in connection with the appeal, it is his professional duty to perform all acts and take all steps which may be proper and necessary to perfect the appeal. (Ann. Cases, 1917B 31; *Cf.* 5 Am. Jur. 325, § 107). The fact itself of subscribing a notice of appeal makes the subscribing attorney an attorney of record for the litigant before the appellate court (in the case at bar, before this Supreme Court), and from that fact stems the attorney's duty to do all that may be necessary and proper to perfect the appeal. That professional duty is not only to the client but also to the court itself, inasmuch as the attorney is an officer of the court and, as such, it is his sacred duty to cooperate in the administration of justice by the active defense of the interests of the client and the high interests of justice. Specifically, once an attorney agrees at the beginning to conduct an appeal for his client, or has signed a notice of appeal on behalf of his client, it is his duty to prepare and file proper briefs, which are essential for the perfection of the appeal. (*Henson* v. *State*, 108 So. 719; *Cf. Laux* v. *Woodworth*, 81 P. 2d 531).

An attorney may be relieved from the performance of his aforesaid duties only if he withdraws as professional representative of the litigant, with the permission and leave of the proper court, upon showing sufficient cause for such withdrawal or resignation as attorney of record. The attorney should, in any event, give proper notice to the client of his intention to withdraw; in other words, advance notice of the resignation as professional representative must be given to the client, for sufficient cause and on leave of

court. 7 C.J.S. 943, 944, § 110; 5 Am. Jur. 282, § 39; 45 A.L.R. 1136; 35 L.R.A. (N.S.) 960; Ann. Cases 1912D 640; *Lovvorn* v. *Johnston*, 118 F. 2d 704, in which it is held that an attorney may not, in the absence of client's consent, withdraw from a case without justifiable cause, and then only after proper notice to client and on leave of court. Although in usual cases, with the exception of public defenders or attorneys designated by the court, an attorney may decline at the beginning to take a particular case, once he has assumed the responsibility of acting in a case, he has no unqualified right to withdraw except on leave of court and on notice to the client, affording him a reasonable opportunity to secure other counsel. (Drinker, *Legal Ethics*, pp. 140, 141; *In re Coffin's Estate*, 179 N.W. 123). Notice must be given within a reasonable period before injury is caused to the client (*Wainright* v. *McDonough*, 7 N.E. 2d 915). Even where sufficient cause exists, the attorney has no unqualified right to withdraw of record, particularly when the withdrawal is sought at such time that it must necessarily be prejudicial to the client. 7 C.J.S. 944, 945; *Linn* v. *Superior Court*, 250 Pac. 880; 79 Cal. App. 721; *Perkins* v. *Sykes*, 63 S. E. 2d 133. The client's unreasonable refusal to pay the proper fees may constitute justifiable and lawful cause to relieve an attorney from the performance of his professional duties and to authorize his withdrawal (7 C.J.S. 943, note 52; 45 A.L.R. 1145 *et seq.*), although the attorney should not put off his application for leave to withdraw until such time as it shall become impossible for the client to defend his interests. 45 A.L.R. 1148.

The above rules, touching on the limitations of the power of an attorney to withdraw from a case, bear relation to the status of an attorney as an officer of the court and as an integral part of the judicial organization. That status is not only measured by his privileges but also by his obligations. As an additional element of the principles we have

made manifest, we must not overlook the fact that an attorney's profession has a social duty to perform. The community has helped to create an environment and the opportunities necessary for the specialized training of lawyers. Once the privilege of practicing the profession has been accorded, the social interest that the lawyer cooperate in the administration of justice should not be neglected.

In the case at bar, even if appellant's attorney of record had a justifiable reason for refusing to prepare a brief, it was his duty to move in due time for leave of this Court to withdraw from the case before expiration of the period for filing the brief. In view of the personal steps taken by appellant, the appeal has not been dismissed. However, what has been set forth in this opinion may serve to avoid repetition of such situations.

---

ON RECONSIDERATION
December 28, 1954.

PER CURIAM.

After defendant was found guilty by a jury of the crime of murder in the first degree, the Arecibo Part of the Superior Court rendered judgment sentencing him to life imprisonment. On April 23, 1953, the defendant timely took and notified an appeal through his attorney, Lic. Antonio Reyes Delgado, who also represented him at the trial. On December 14, the transcript of the evidence, duly approved, and the judgment roll were filed in this Court. Notice of such filing was given to the *Fiscal* of this Court and to Lic. Antonio Reyes Delgado. On March 24, 1954, this Court entered an order dismissing the appeal for want of prosecution, because the term allowed to appellant for filing his brief expired on January 13 of the current year without his having filed it up to the date of the order. On March 29 the defendant filed personally, and in his own right, a motion requesting an extension of 60 days to file his brief, alleging, briefly, that he had been confined in jail for eleven months; that he

delivered the sum of $200 to Pedro Chacón Larán, stenographer of the court of Arecibo, for the transcript of the record; that appellant never received any notice from this Court requiring the presentation of briefs; that he received three letters from José C. Aponte advising him that the case was already in this Court and that the appeal had been filed; and that he sent those three letters to his attorney, Lic. Reyes Delgado.

On April 9 this Court entered an order directing that a copy of defendant's motion be served on Lic. Reyes Delgado, and granting the latter a period of 15 days to report on that score. On April 17, Lic. Reyes Delgado filed an "appearance" in this Court informing, briefly, as follows: That he assumed the representation of the defendant at the trial "in order to help a laborer who, in my opinion, had no financial means for his defense", and that he received the maximum amount of $100; that following his conviction, the defendant instructed his attorney, declarant herein, to appeal to this Court and informed him that he was receiving a disability pension of $60 a month from the United States Government, and "assured me that he could afford to pay not only the fees for the appeal but also the stenographic record"; that after paying to the stenographer the agreed sum of $200, the attorney appearing herein requested defendant's brother to pay him his fees, "to which he replied that my services were not needed because he would request the Department of Justice to designate a lawyer to conduct the appeal, so that Jiménez Toledo's brother was at liberty to secure an attorney, according to his own statements"; that it is not true that Jiménez Toledo sent to the attorney appearing herein any letters from Lic. José C. Aponte; that the sum of $200 was delivered to the stenographer and not to the attorney; that the attorney appearing herein believes that the appeal is not without merit, and that the verdict and instructions were erroneous; "that, personally, I have

doubts as to whether Jiménez Toledo actually committed the crime of which he was found guilty, yet, I do not feel morally bound to conduct his appeal gratuitously", particularly in view of the fact that the defendant receives a monthly pension which his brother wholly enjoys; that, "in the event this Hon. Court reopens the case and orders him to prepare a brief, as attorney designated by the Court, I shall be glad to comply", but if this Court should leave the defendant at liberty to secure another attorney, the declarant would prefer that it be someone else and, to that effect, he has already recommended another attorney to the defendant.

In a subsequent communication addressed to this Court, defendant requested, after stating certain facts, the certainty of which is not known to us, that an additional extension be granted to him in order to employ the services of another attorney, and file his brief.

Two motions subscribed by Lic. César Vélez González were filed on April 27, requesting his inclusion as attorney of record in substitution of Lic. Reyes Delgado and an extension of 60 days to file a brief. The undersigned attorney stated that he had contacted Lic. Reyes Delgado, who informed him that he had withdrawn from the case and expressed his satisfaction over the fact that Lic. César Vélez González had taken charge of the case.

In a Per Curiam opinion we authorized the requested substitution of attorneys, granted an extension of time for filing his brief and set aside our former order dismissing the appeal. In relation to the general rule which should govern attorney's conduct, once they assume the representation of an accused or a litigant, we said in that opinion:

"An attorney who acts as such in a litigation or in the legal process of a court of first instance is, generally, under no obligation to continue acting as attorney in the further steps to bring the case before an appellate court, in the absence of an agreement to that effect, or unless an independent agreement for professional services is made for the purposes of the appeal.

As a general rule, he will not be held liable for failure to take part in the proceedings for the review of a case unless he has agreed to do so. (5 Am. Jur. 337, § 129, note 6). However, once he agrees to conduct the steps in connection with the appeal, it is his professional duty to perform all acts and take all steps which may be proper and necessary to perfect the appeal. (Ann. Cases, 1917B 31; *Cf.* 5 Am. Jur. 325, § 107). The fact itself of subscribing a notice of appeal makes the subscribing attorney an attorney of record for the litigant before the appellate court (in the case at bar, before this Supreme Court), and from that fact stems the attorney's duty to do all that may be necessary and proper to perfect the appeal. That professional duty is not only to the client but also to the court itself, inasmuch as the attorney is an officer of the court and, as such, it is his sacred duty to cooperate in the administration of justice by the active defense of the interests of the client and the high interests of justice. Specifically, once an attorney agrees at the beginning to conduct an appeal for his client, or has signed a notice of appeal on behalf of his client, it is his duty to prepare and file proper briefs, which are essential for the perfection of the appeal. (*Henson* v. *State,* 108 So. 719; *Cf. Laux* v. *Woodworth,* 81 P. 2d 531).

"An attorney may be relieved from the performance of his aforesaid duties only if he withdraws as professional representative of the litigant, with the permission and leave of the proper court, upon showing sufficient cause for such withdrawal or resignation as attorney of record. The attorney should, in any event, give proper notice to the client of his intention to withdraw; in other words, advance notice of the resignation as professional representative must be given to the client, for sufficient cause and on leave of court. 7 C.J.S. 943, 944, § 110; 5 Am. Jur. 282, § 39; 45 A.L.R. 1136; 35 L.R.A. (N.S.) 960; Ann. Cases 1912D 640; *Lovvorn* v. *Johnston,* 118 F. 2d 704, in which it is held that an attorney may not, in the absence of client's consent, withdraw from a case without justifiable cause, and then only after proper notice to client and on leave of court. Although in usual cases, with the exception of public defenders or attorneys designated by the court, an attorney may decline at the beginning to take a particular case, once he has assumed the responsibility of acting in a case he has no unqualified right to withdraw except on leave of court and on notice to the client, affording him a reasonable opportunity

to secure other counsel. (Drinker, *Legal Ethics,* pp. 140, 141; *In re Coffin's Estate,* 179 N. W. 123). Notice must be given within a reasonable period before injury is caused to the client (*Wainwright* v. *McDonough,* 7 N. E. 2d 915). Even where sufficient cause exists, the attorney has no unqualified right to withdraw of record, particularly when the withdrawal is sought at such time that it must necessarily be prejudicial to the client. (7 C.J.S. 944, 945; *Linn* v. *Superior Court,* 250 Pac. 880; 79 Cal. App. 721; *Perkins* v. *Sykes,* 63 S. E. 2d 133). The client's unreasonable refusal to pay the proper fees may constitute justifiable and lawful cause to relieve an attorney from the performance of his professional duties and to authorize his withdrawal (7 C.J.S. 943, note 52; 45 A.L.R. 1145 *et seq.*), although the attorney should not put off his application for leave to withdraw until such time as it shall become impossible for the client to defend his interests. 45 A.L.R. 1148."

Mr. Reyes Delgado has requested the reconsideration of some of the concepts set forth in our aforesaid Per Curiam decision. Among other things he alleges that he has always acted according to the general principles set forth in our opinion with respect to the social obligations of an attorney; that his professional conduct has never been commercialized and that, on the contrary, he has always distinguised himself by defending the weak and the needy; that when we rendered judgment we did not have before us all the important facts involved in the case at bar. In connection with this motion we considered his oral and written arguments.

We ratify the general principles set forth in our original opinion to the effect that once an attorney has agreed to conduct the steps in connection with an appeal, and once he has subscribed a notice of appeal by virtue of said agreement, it is his duty to perform all acts and all steps which may be necessary to perfect the appeal, including the presentation of the proper brief, unless there is just cause for him to withdraw his professional representation, or unless it is the client's wish that this representation cease. Even when there is just cause for the attorney not to continue

acting in the case, he should obtain leave and authorization from the proper court in order to withdraw from the case and also he should give notice to the client of his withdrawal as professional representative. If the client has relieved the attorney of his representation, the latter should so inform the court, and notify the client in order that the court may be in a condition to render an order *motu proprio* terminating his representation as attorney in the case. Specifically, the application of these principles serves to prevent a litigant or an accused from being prejudiced by virtue of the failure of the attorney to inform the court and the client of his withdrawal as attorney, or to prevent delays and confusions in the prosecution of the case when the client withdraws, behind the court's back, the professional representation of the attorney.

Now, referring to the particular circumstances of this case, it appears from the motions filed by Lic. Reyes Delgado that defendant's brother relieved said attorney from his professional obligations as attorney in the case at bar. However, the attorney did not timely report this fact to the court. It was his duty to this Court to do so. It would have prevented the incidents which gave rise to our original opinion, and consequently to this opinion on reconsideration.[1] Nevertheless, it is inferred from the record of the case that the failure on the part of Lic. Reyes Delgado was due solely to his erroneous belief, although in good faith, that there was no judicial rule imposing on him the duty of informing this Court of the fact that he was relieved of his professional representation by the client.

In this way and insofar as pertinent, our original opinion is thus made clear.

---

[1] In *González* v. *District Court*, 40 P.R.R. 438, we said that an attorney who appears before a court on behalf of a party continues to represent such party in the further proceedings so long as it does not appear from the record that a withdrawal has taken place.

Opinion delivered by MR. JUSTICE NEGRÓN FERNÁNDEZ in which MR. JUSTICE SIFRE concurs.

I am in agreement with the opinion, on reconsideration, rendered today, ratifying the general principles set forth in our preceding Per Curiam decision. However, since I do not believe that the principles strictly apply to the situation in question, I deem it convenient to state precisely the applicable rules, making the proper distinction between the two situations which occur most frequently.

When the case deals with the withdrawal of professional representation without the client's consent, the attorney should request the court's leave, stating the reasons in writing, —with notice to his client and to the adverse party— to withdraw from the case. The court—depending on whether or not it regards said reasons as justified—may grant or refuse leave, and if granted, it should decree that henceforth the attorney's name be eliminated from the case.

When the withdrawal takes place because the client himself has relieved the attorney of his representation, or when the client has agreed with the attorney to terminate the professional representation, then the latter, although he is bound to communicate to the court—in writing, with notice also to his client and to the adverse party—that his services have terminated, is not subject to the alternative of an order denying his elimination as attorney in the case, or requiring him to continue his obligation towards his ex-client, unless there are express or implied conditions in the agreement to terminate the services, for it is not a request for leave to withdraw—for reasons which the attorney considers justifiable but may not be so—the representation which his client has entrusted to him and which he has not withdrawn nor consented to withdraw.

In the first of the two instances which I have considered in stating my view, the court should exercise a sound judicial discretion in considering the reasons which the attorney

gives for making his request, and it might happen that the court, even over the client's objection, may grant him permission to withdraw from the case.

In the latter instance, which is the one prevailing herein, unless attorney's motion stating that he has withdrawn from the case be challenged by the client or unless the client claims certain specific services which the attorney bound himself to render, when he agreed with his client to terminate his representation, the court should enter an order eliminating him as attorney in the case.

As to the professional relation between Mr. Reyes Delgado and his client, neither of the two exceptions set forth in the second instance is involved, and, although Reyes Delgado should have timely informed the court about the termination of his services, his failure to do so does not constitute, once the facts are known, a noncompliance with his duties towards his client, or an abandonment of the case.