EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MARGARO JIMÉNEZ TOLEDO, acusado y apelante.

Número 15731.

*Sometido:* 23 de abril de 1954.   *Resuelto:* 10 de mayo de 1954.

688

*Gilberto R. Padró Díaz* y *César Vélez González*, abogados del apelante.

PER CURIAM: Después de haber sido declarado culpable por un jurado por el delito de asesinato en primer grado, la Sala de Arecibo del Tribunal Superior dictó sentencia condenándolo a reclusión perpetua. El 23 de abril de 1953, en tiempo adecuado, el acusado radicó y notificó un escrito de apelación, firmado por su abogado, el Lic. Antonio Reyes Delgado, quien también lo había representado durante la celebración del juicio. El día 14 de diciembre se radicaron en este Tribunal la transcripción de evidencia, debidamente aprobada, y el legajo de sentencia. Tal radicación fué notificada al Fiscal de este Tribunal y al Lic. Antonio Reyes Delgado. El día 24 de marzo de 1954 este Tribunal dictó una resolución desestimando el recurso de apelación por abandono, en vista de que el día 13 de enero del año en curso había vencido el término que tenía el apelante para radicar su ale-

gato, sin que lo hubiese radicado hasta la fecha de la resolución. El día 29 de marzo el acusado-apelante presentó, personalmente y por su propio derecho, una moción en que solicitaba una prórroga de 60 días para radicar su alegato, alegando en síntesis que hace once meses que estaba confinado en la cárcel de Distrito, que él entregó $200 a Pedro Chacón Lorán, taquígrafo del Tribunal de Arecibo, para que preparase el récord; que el apelante nunca recibió notificación alguna de este Tribunal exigiéndole la presentación de alegatos y que él había recibido tres cartas del señor José C. Aponte, en las que le informaba que el caso ya estaba en este Tribunal y que la apelación ya había sido archivada, habiendo el apelante enviado esas tres cartas a su abogado, el Lic. Reyes Delgado.

El día 9 de abril este Tribunal dictó una resolución ordenando que se notificase con copia de esa moción del acusado al Lic. Reyes Delgado, y concediendo a éste un término de quince días para que informase sobre el particular. El día 17 de abril el Lic. Reyes Delgado radicó ante nos una "comparencia" e informó, en síntesis, lo siguiente: que él había representado al acusado durante la celebración del juicio, "con el propósito de ayudar a un obrero, que yo entendía no tenía medios económicos para su defensa", habiendo recibido el abogado la cantidad máxima de cien dólares; que después que el acusado fué convicto, instruyó al abogado declarante que apelara su caso para ante este Tribunal, revelándole que él recibía del gobierno de los Estados Unidos una pensión por incapacidad física de $60 mensuales, "y me aseguró que podría pagar no solamente los honorarios para que le tramitase el recurso de apelación sino también el récord taquigráfico;" que después de haberse pagado $200 convenidos al taquígrafo, el abogado compareciente le exigió al hermano del acusado que le pagase sus honorarios de abogado, "y éste me indicó que no necesitaba mis servicios porque él habría de conseguir que el Departamento de Justicia le asignara un abogado para tramitar su apelación, y entonces quedó en libertad el her-

mano de Jiménez Toledo, para que se hiciese de ese abogado, según él había expresado"; que no es cierto que Jiménez Toledo le haya enviado al abogado declarante cartas algunas del Lic. José C. Aponte; que los $200 fueron entregados al taquígrafo y no al abogado; que el abogado compareciente tiene el criterio de que la apelación es meritoria, que el veredicto y las instrucciones son erróneas; "que personalmente abrigo profundas dudas de si en efecto Jiménez Toledo cometió el delito de que se acusó y encontró culpable pero que sin embargo, no me encuentro en conciencia obligado a tramitarle su recurso gratuitamente", especialmente en vista de que el acusado recibe una pensión mensual, que es disfrutada totalmente por su hermano; que "si este Hon. Tribunal reabre el caso y le ordena preparar un alegato como abogado de oficio, me sentiré complacido en hacerlo", pero que si este Tribunal dejase en libertad al acusado de conseguir otro abogado, preferiría el declarante que fuese otro, y a tal efecto ya le ha recomendado otro abogado al acusado.

En otra comunicación posterior enviada a este Tribunal por el acusado, alega que él se entrevistó con el Lic. Reyes Delgado el 17 de abril y éste último le informó que no estaba dispuesto a seguir el caso ante este Tribunal a menos que el acusado le entregase $200 inmediatamente, y solicita el acusado que se le conceda un término adicional para contratar otro abogado y radicar su alegato.

El día 27 de abril se radicaron dos mociones suscritas por el Lic. César Vélez González en que solicita que se le incluya como abogado de récord en sustitución del Lic. Reyes Delgado, y que se le conceda una prórroga de 60 días para radicar el alegato, informando el abogado suscribiente que se había comunicado con el Lic. Reyes Delgado y éste le había informado que había renunciado a su representación, y que el Lic. Reyes Delgado había expresado su alegría por el hecho de que el Lic. César Vélez González se hiciera cargo del caso.

Hemos resuelto autorizar la sustitución de abogado solicitada, y conceder la prórroga de 30 días que se nos ha pedido,

dejándose sin efecto nuestra anterior resolución desestimatoria. Pero es conveniente el que expresemos nuestro criterio sobre la intervención del Lic. Reyes Delgado en este caso. No creemos que él haya actuado de mala fe o con el propósito deliberado de no cooperar en la administración de la justicia. Pero el procedimiento seguido por él no ha sido adecuado.

Un abogado que actúa como tal en la celebración de un juicio o en los trámites judiciales seguidos en un tribunal de primera instancia, no está obligado, en términos generales, a continuar actuando como abogado en los trámites de apelación del caso ante un tribunal de apelaciones, en ausencia de un convenio a tal efecto, o a menos que se haga un contrato independiente de servicios profesionales a los fines de la apelación. Como regla general, no está obligado a actuar en cuanto a los procedimientos de revisión, a menos que haya convenido en así hacerlo. 5 Am. Jur. 337, sec. 129, nota 6. Pero una vez él haya acordado el hacerse cargo de los trámites de la apelación, surge el deber profesional de su parte de llevar a cabo todas las actuaciones, y seguir todos los pasos que sean apropiados y necesarios para imprimirle efectividad al recurso de apelación. Ann. Cases, 1917 B. 31; *Cf.* 5 Am. Jur. 325, sec. 107. El hecho en sí de firmar un escrito de apelación convierte al abogado suscribiente en abogado de récord del litigante ante el tribunal que ha de entender en la apelación (en el caso de autos, ante este Tribunal Supremo), y de ese hecho surge el deber del abogado de hacer todo aquéllo que sea necesario y apropiado para perfeccionar o imprimirle eficacia a la apelación. Esa obligación profesional no es solamente al cliente sino también al tribunal en sí, ya que el abogado es un funcionario del tribunal y, como tal, está bajo el sagrado deber de cooperar en la administración de la justicia mediante la defensa activa de los intereses del litigante y de los altos intereses de la justicia. Específicamente, una vez el abogado haya convenido originalmente en hacerse cargo de una apelación o haya firmado un escrito de apelación en representación de su cliente, él está bajo el deber de pre-

parar y radicar los alegatos correspondientes, ya que los alegatos son esenciales para que los trámites de la apelación adquieran virtualidad. *Henson* v. *State*, 108 So. 719; *Cf. Laux* v. *Woodworth*, 81 P.2d 531.

El abogado queda exonerado del cumplimiento de los deberes ya mencionados solamente si él se retira como representante profesional del litigante, con la autorización y el permiso del tribunal correspondiente, previa la demostración al tribunal de justa causa para tal retiro o eliminación como abogado de récord, debiendo el abogado, en todo caso, notificar previamente al cliente de su propósito de retirarse como abogado de ese cliente, esto es, la renuncia de la representación profesional debe ser notificada previamente al cliente y debe ser por justa causa y con el permiso del tribunal. 7 C.J.S. 943, 944, sec. 110; 5 Am. Jur. 282, sec. 39; 45 A.L.R. 1136; 35 L.R.A. (N.S.) 960; Ann. Cases, 1912 D. 640; *Lovvorn* v. *Johnston*, 118 F.2d 704; en donde se resuelve que, en ausencia del consentimiento del cliente, un abogado no puede retirarse de un caso sin causa justificada y que, en todo caso, debe haber notificado previamente al cliente en cuanto a su propósito de retirarse, debiendo mediar siempre la autorización de la corte. Aunque en los casos usuales, con excepción de los defensores públicos o abogados de oficio, un abogado puede negarse originalmente a actuar como abogado en determinado caso, una vez él haya asumido la responsabilidad de actuar en un caso él no tiene el derecho ilimitado a retirarse del caso a menos que lo haga con autorización del tribunal, por justa causa y previa notificación al cliente, debiendo darle al cliente la oportunidad razonable de obtener los servicios de otro abogado. Drinker, *Legal Ethics*, págs. 140, 141; *In re Coffiin's Estate*, 179 N.W. 123. La notificación al cliente debe ser dentro de un período de tiempo razonable antes de que se pueda ocasionar un perjuicio al cliente. *Wainright* v. *McDonough*, 7 N.E.2d 915. Aun de existir causa suficiente para la renuncia del abogado, el derecho a

renunciar no es absoluto, especialmente cuando se solicita en una fecha en que resulte sustancialmente perjudicial al cliente. 7 C.J.S. 944, 945; *Linn* v. *Superior Court*, 250 Pac. 880, 79 Cal. App. 721; *Perkins* v. *Sykes*, 63 S.E.2d 133. La negativa irrazonable del cliente a pagar honorarios convenidos puede ser causa justa y adecuada para que se exonere a un abogado del cumplimiento de sus deberes profesionales y para que se autorice su renuncia, 7 C.J.S. 943, nota 52, 45 A.L.R. 1145 *et seq.*, aunque el abogado no debe posponer su solicitud de permiso para renunciar hasta una fecha en que el cliente no pueda tener una oportunidad adecuada de defender sus intereses. 45 A.L.R. 1148.

Los postulados que hemos señalado en cuanto a las restricciones impuestas sobre el poder de un abogado para retirarse de un caso, guardan relación con el *status* del abogado como funcionario de los tribunales y como parte integrante de la maquinaria judicial. Ese *status* no se mide solamente por sus privilegios sino que también por sus responsabilidades. Como un ingrediente adicional de los principios que hemos exteriorizado, no podemos olvidar el hecho de que la profesión de abogado tiene una función social que cumplir. La comunidad ha ayudado a crear el ambiente y las oportunidades necesarias para el entrenamiento especializado de los abogados. Una vez obtenido el privilegio de ejercer la profesión, no debe ignorarse el interés social en que el abogado coopere en la administración de justicia.

En el caso de autos, de haber justa cáusa para que el abogado de récord del apelante se negase a preparar el alegato, él debió haber solicitado oportunamente nuestra autorización para retirarse del caso, antes de que se venciera el término para que se radicase el alegato. En virtud de las gestiones personales del apelante, no se ha desestimado el recurso. Pero lo que hemos expuesto en esta opinión puede servir para evitar la repetición de estas situaciones.

## EN RECONSIDERACION
### 28 de diciembre de 1954

PER CURIAM: Después de haber sido el apelante declarado culpable por un jurado por el delito de asesinato en primer grado, la Sala de Arecibo del Tribunal Superior dictó sentencia condenándolo a reclusión perpetua. El 23 de abril de 1953, en tiempo adecuado, el acusado radicó y notificó un escrito de apelación, firmado por su abogado, el Lic. Antonio Reyes Delgado, quien también lo había representado durante la celebración del juicio. El día 14 de diciembre se radicaron en este Tribunal la transcripción de evidencia, debidamente aprobada, y el legajo de sentencia. Tal radicación fué notificada al Fiscal de este Tribunal y al Lic. Antonio Reyes Delgado. El día 24 de marzo de 1954 este Tribunal dictó una resolución desestimando el recurso de apelación por abandono, en vista de que el día 13 de enero del año en curso había vencido el término que tenía el apelante para radicar su alegato, sin que lo hubiese radicado hasta la fecha de la resolución. El día 29 de marzo el acusado-apelante presentó, personalmente y por su propio derecho, una moción en que solicitaba una prórroga de 60 días para radicar su alegato, alegando en síntesis que hace once meses que estaba confinado en la cárcel de distrito, que él entregó $200 a Pedro Chacón Lorán, taquígrafo del tribunal de Arecibo, para que preparase el récord; que el apelante nunca recibió notificación alguna de este Tribunal exigiéndole la presentación de alegatos y que él había recibido tres cartas del señor José C. Aponte, en las que le informaba que el caso ya estaba en este Tribunal y que la apelación ya había sido archivada, habiendo el apelante enviado esas tres cartas a su abogado, el Lic. Reyes Delgado.

El día 9 de abril este Tribunal dictó una resolución ordenando que se notificase con copia de esa moción del acusado al Lic. Reyes Delgado, y concediendo a éste un término de quince días para que informase sobre el particular. El día 17 de abril el Lic. Reyes Delgado radicó ante nos una "comparecencia" e informó, en síntesis, lo siguiente: que él había re-

presentado al acusado durante la celebración del juicio, "con el propósito de ayudar a un obrero, que yo entendía no tenía medios económicos para su defensa", habiendo recibido el abogado la cantidad máxima de cien dólares; que después que el acusado fué convicto, instruyó al abogado declarante que apelara su caso ante este Tribunal, revelándole que él recibía del gobierno de los Estados Unidos una pensión por incapacidad física de $60 mensuales, "y me aseguró que podría pagar no solamente los honorarios para que le tramitase el recurso de apelación sino también el récord taquigráfico;" que después de haberse pagado $200 convenidos al taquígrafo, el abogado compareciente le exigió al hermano del acusado que le pagase sus honorarios de abogado, "y éste me indicó que no necesitaba mis servicios porque él habría de conseguir que el Departamento de Justicia le asignara un abogado para tramitar su apelación, y entonces quedó en libertad el hermano de Jiménez Toledo, para que se hiciese de ese abogado, según él había expresado"; que no es cierto que Jiménez Toledo le haya enviado al abogado declarante cartas algunas del Lic. José C. Aponte; que los $200 fueron entregados al taquígrafo y no al abogado; que el abogado compareciente tiene el criterio de que la apelación es meritoria, que el veredicto y las instrucciones son erróneos, "que personalmente abrigo profundas dudas de si en efecto Jiménez Toledo cometió el delito de que se acusó y encontró culpable pero que, sin embargo, no me encuentro en conciencia obligado a tramitarle su recurso gratuitamente", especialmente en vista de que el acusado recibe una pensión mensual, que es disfrutada totalmente por su hermano; que "si este Hon. Tribunal reabre el caso y le ordena preparar un alegato como abogado de oficio, me sentiré complacido en hacerlo", pero que si este Tribunal dejase en libertad al acusado de conseguir otro abogado, preferiría el declarante que fuese otro, y a tal efecto ya le ha recomendado otro abogado al acusado.

En otra comunicación posterior enviada a este Tribunal solicitó el acusado apelante, luego de exponer ciertos hechos

cuya certeza no nos consta, que se le concediera un término adicional para contratar los servicios de otro abogado y radicar su alegato.

El día 27 de abril se radicaron dos mociones suscritas por el Lic. César Vélez González en que solicita que se le incluya como abogado de récord en sustitución del Lic. Reyes Delgado, y que se le conceda una prórroga de 60 días para radicar el alegato, informando el abogado suscribiente que se había comunicado con el Lic. Reyes Delgado y éste le había informado que había renunciado a su representación, y que el Lic. Reyes Delgado había expresado su alegría por el hecho de que el Lic. Vésar Vélez González se hiciera cargo del caso.

En una opinión *per curiam* autorizamos la sustitución de abogado solicitada, concedimos una prórroga para radicar el alegato y dejamos sin efecto nuestra anterior resolución desestimando el recurso. En relación con las normas generales que deben regir la conducta de los abogados, una vez asumen la representación de un acusado o un litigante, dijimos en dicha opinión:

"Un abogado que actúa como tal en la celebración de un juicio o en los trámites judiciales seguidos en un tribunal de primera instancia, no está obligado, en términos generales, a continuar actuando como abogado en los trámites de apelación del caso ante un tribunal de apelaciones, en ausencia de un convenio a tal efecto, o a menos que se haga un contrato independiente de servicios profesionales a los fines de la apelación. Como regla general, no está obligado a actuar en cuanto a los procedimientos de revisión, a menos que haya convenido en así hacerlo. (5 Am. Jur. 337, sec. 129, nota 6.) Pero una vez él haya acordado el hacerse cargo de los trámites de la apelación, surge el deber profesional de su parte de llevar a cabo todas las actuaciones, y seguir todos los pasos que sean apropiados y necesarios para imprimirle efectividad al recurso de apelación. (Ann. Cases, 1917 B. 31; *Cf.* 5 Am. Jur. 325, sec. 107.) El hecho en sí de firmar un escrito de apelación convierte al abogado suscribiente en abogado de récord del litigante ante el tribunal que ha de entender en la apelación, (en el caso de autos, ante este Tribunal Supremo) y de ese hecho surge el deber del abogado de hacer

todo aquello que sea necesario y apropiado para perfeccionar o imprimirle eficacia a la apelación. Esa obligación profesional no es solamente al cliente sino también al tribunal en sí, ya que el abogado es un funcionario del tribunal y, como tal, está bajo el sagrado deber de cooperar en la administración de la justicia mediante la defensa activa de los intereses del litigante y de los altos intereses de la justicia. Específicamente, una vez el abogado haya convenido originalmente en hacerse cargo de una apelación o haya firmado un escrito de apelación en representación de su cliente, él está bajo el deber de preparar y radicar los alegatos correspondientes, ya que los alegatos son esenciales para que los trámites de la apelación adquieran virtualidad. *Henson* v. *State,* 108 So. 719; Cf. *Laux* v. *Woodworth,* 81 P.2d 531.

"El abogado queda exonerado del cumplimiento de los deberes ya mencionados solamente si él se retira como representante profesional del litigante, con la autorización y el permiso del tribunal correspondiente, previa la demostración al tribunal de justa causa para tal retiro o eliminación como abogado de récord, debiendo el abogado, en todo caso, notificar previamente al cliente de su propósito de retirarse como abogado de ese cliente, esto es, la renuncia de la representación profesional debe ser notificada previamente al cliente y debe ser por justa causa y con el permiso del tribunal. 7 C.J.S. 943, 944, sec. 110; 5 Am. Jur. 282, sec. 39; 45 A.L.R. 1136; 35 L.R.A. (N.S.) 960; Ann. Cases, 1912 D. 640; *Lovvorn* v. *Johnston,* 118 F.2d 704; en donde se resuelve que, en ausencia del consentimiento del cliente, un abogado no puede retirarse de un caso sin causa justificada y que, en todo caso, debe haber notificado previamente al cliente en cuanto a su propósito de retirarse, debiendo mediar siempre la autorización de la Corte. Aunque en los casos usuales, con excepción de los defensores públicos o abogados de oficio, un abogado puede negarse originalmente a actuar como abogado en determinado caso, una vez él haya asumido la responsabilidad de actuar en un caso él no tiene el derecho ilimitado a retirarse del caso a menos que lo haga con autorización del tribunal, por justa causa y previa notificación al cliente, debiendo darle al cliente la oportunidad razonable de obtener los servicios de otro abogado. Drinker, *Legal Ethics,* págs. 140, 141; *In re Coffin's Estate,* 179 N.W. 123. La notificación al cliente debe ser dentro de un período de tiempo razonable antes de que se pueda ocasionar un perjuicio al cliente. *Wainwright* v. *McDonough,* 7 N.E.2d 915. Aun de existir causa suficiente para la renuncia del abo-

gado, el derecho a renunciar no es absoluto, especialmente cuando se solicita en una fecha en que resulte sustancialmente perjudicial al cliente. 7 C.J.S. 944, 945; *Linn* v. *Superior Court,* 250 Pac. 880, 79 Cal. App. 721; *Perkins* v. *Sykes,* 63 S.E.2d 133. La negativa irrazonable del cliente a pagar honorarios convenidos puede ser causa justa y adecuada para que se exonere a un abogado del cumplimiento de sus deberes profesionales y para que se autorice su renuncia, 7 C.J.S. 943, nota 52, 45 A.L.R. 1145 *et seq.,* aunque el abogado no debe posponer su solicitud de permiso para renunciar hasta una fecha en que el cliente no pueda tener una oportunidad adecuada de defender sus intereses. 45 A.L.R. 1148."

El abogado Reyes Delgado ha solicitado la reconsideración de algunos de los conceptos vertidos en nuestra citada opinión *per curiam.* Entre otras cosas, alega que él siempre ha actuado de acuerdo con los principios generales señalados en nuestra opinión con respecto a las obligaciones sociales de un abogado; que su conducta profesional nunca ha sido mercantilista y que por el contrario, siempre se ha caracterizado por la defensa del débil y del necesitado; que al dictar nuestra opinión no teníamos ante nosotros todos los hechos relevantes envueltos en este caso. En relación con esta moción le oímos por escrito y oralmente.

Ratificamos los principios generales expuestos en nuestra opinión original al efecto de que una vez un abogado haya acordado el hacerse cargo de los trámites de una apelación, y una vez él haya firmado un escrito de apelación en virtud de tal convenio, es su deber el llevar a cabo todas las actuaciones que sean necesarias para imprimirle efectividad al recurso de apelación, incluyendo la presentación del alegato correspondiente, a menos que exista justa causa para que él retire su representación profesional, o a menos, que por voluntad del cliente cese esa representación. Aun de existir justa causa para que el abogado no siga actuando en el caso, él debe obtener el permiso y la autorización del tribunal correspondiente para retirarse del caso y además debe notificar su renuncia profesional a su cliente. Si el cliente ha retirado

su representación al abogado, éste debe informar ese hecho al tribunal, con notificación al cliente a fin de que el tribunal pueda estar en condiciones de dictar la correspondiente orden de oficio dando por terminadas sus gestiones como abogado en el caso. Específicamente, la aplicación de estos principios sirve para evitar el que un litigante o acusado quede perjudicado a virtud de la omisión del abogado de informar al tribunal y a su cliente sobre su renuncia como abogado, o para evitar dilaciones y trastornos en la tramitación de los casos cuando al abogado, a espaldas de la corte, se le retira la representación profesional por el cliente.

Ahora bien, refiriéndonos a las circunstancias particulares de este caso, de las mociones presentadas por el Lcdo. Reyes Delgado surge que el hermano del acusado exoneró a dicho letrado de seguir cumpliendo con sus obligaciones profesionales en el caso de autos. Sin embargo, el letrado no informó oportunamente este hecho al tribunal. Era su obligación para con este Tribunal hacerlo. Ello hubiera evitado los incidentes que dan origen a nuestra opinión original, y en su consecuencia, a ésta en reconsideración.(¹) No obstante. de todo el expediente del caso se deduce que la omisión en que incurrió el Lcdo. Reyes Delgado, se debió únicamente a su creencia equivocada, aunque de buena fe, de que no existían normas judiciales que le impusieran la obligación de informar a este Tribunal el hecho de que su representación profesional había cesado por voluntad de su cliente.

*Queda, pues, aclarada en esta forma y en lo pertinente, nuestra opinión original.*

---

Opinión del Juez Asociado Sr. Negrón Fernández, en la cual concurre el Juez Asociado Sr. Sifre.

Estoy conforme con la opinión que, en reconsideración, ahora emitimos, ratificando los principios generales expues-

---

(¹) En *González Levy* v. *Corte*, 40 D.P.R. 457, dijimos que el abogado que comparece en un tribunal en nombre de una parte conserva la representación de ella mientras no se haga constar en los autos que tal representación ha terminado.

tos en nuestra anterior opinión *Per Curiam.* Sin embargo, por no considerar que rigen estrictamente la situación que aquí nos ocupa, estimo conveniente precisar las normas aplicables a ésta, haciendo la distinción apropiada entre las dos situaciones que con mayor frecuencia pueden presentarse.

Cuando se trata de una renuncia de representación profesional en la que no media la voluntad del cliente, el abogado debe solicitar del tribunal, en escrito expositivo de las razones en que se funde—notificado a su cliente y a la contraparte—autorización para retirarse del caso. El tribunal—según estime justificadas o no tales razones—concederá o no la autorización, y de concederla, decretará que de ahí en adelante se elimine su nombre como abogado en el caso.

Cuando se trata de la propia determinación de un cliente que ha retirado él mismo su representación al abogado, o cuando ha convenido con éste la terminación de la representación profesional, entonces el abogado, si bien viene obligado —en escrito notificado también al cliente y la contraparte—a comunicar ese cese de representación al tribunal, no está sujeto a la alternativa de una orden negando su eliminación como abogado en el caso ni a que se le exija el cumplimiento ulterior de deberes para con su ex-cliente, a menos que hubiere condiciones expresas o implícitas formando parte del convenio sobre cese de representación, pues no se trata de una solicitud de permiso para renunciar—por razones que el abogado considere justificadas y puedan no serlo—la representación que le ha conferido y no le ha retirado, ni consentido a retirar, su cliente.

En la primera de las dos situaciones que he considerado al dejar expuesto mi anterior criterio, una sana discreción judicial debe regir la determinación que haya de hacer el tribunal al considerar las causas que como fundamento de su solicitud haga el abogado, y podría ocurrir que, aun por sobre la oposición del cliente, le concediera permiso para retirarse del caso.

En la segunda de dichas situaciones, que es la que aquí prevalece, el tribunal, a menos que el escrito del abogado sea impugnado por el cliente en cuanto al extremo de haberle retirado del caso, o a menos que el cliente reclame la prestación de servicios específicos a que el abogado se hubiere obligado al acordar con el cliente el cese de su representación, entrará una orden de oficio eliminándole como abogado del caso.

En cuanto a la relación profesional del abogado Reyes Delgado con su cliente, no concurre ninguna de las dos excepciones contenidas en la segunda de las situaciones expuestas, y si bien él debió haber informado oportunamente al tribunal su cese de representación, su omisión para con el tribunal, una vez conocidos los hechos, no constituye una omisión de sus deberes para con, ni un abandono de la causa de, su cliente.